1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN:236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
RAUL BONILLAS

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL BONILLAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., f.k.a. UNITED AIR LINES, INC. and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 4:12-CV-06574-SBA-EDL<br><br>**PLAINTIFF RAUL BONILLAS'S MOTION TO COMPEL DEPOSITION OF DEFENDANT UNITED AIRLINES, INC., F/K/A UNITED AIR LINES, INC. OR IN THE ALTERNATIVE FOR RULE 37(d)(3) SANCTIONS AGAINST DEFENDANT UNITED AIRLINES, INC.**<br><br>**Date: March 25, 2013**<br>**Time: 9:00 a.m.**<br>**Location: Courtroom E, 15th Floor** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN, PLEASE TAKE

NOTICE that Plaintiff Raul Bonillas, on March 25, 2013 at 9:00 a.m. or as soon thereafter as

counsel may be heard, will move the Court for an Order Compelling Defendant to Produce a

Knowledgable Corporate Designee, or in the Alternative Ordering Evidence Sanctions Pursuant

to Fed. R. Civ. P. 37(d)(3). The motion will be based upon this Motion, the Declaration of Dow

W. Patten submitted in support, and the proposed order, and the arguments of counsel.

## I.    INTRODUCTION

This case is brought by a former aircraft maintenance supervisor of United Airlines, Inc.[1]

who has worked for the Defendant's predecessor entities for more than two decades.   During that

entire time, Plaintiff never received a less than satisfactory performance review until the "Talent

---

1 At the time of the filing of this action, Defendant's employer was United Air Lines, Inc.
Pursuant to the Amended Certification of Interested Parties (Dkt#25), Defendant merged with
Continental Airlines, Inc., and the surviving entity is now called United Airlines, Inc.

1

Selection" process was announced.  As a result of the application of that process to the supervisors at United's largest aircraft maintenance hub, only Hispanic maintenance supervisors lost their jobs, to be replaced with non-Hispanics.

This case also presents claims for retaliation based upon Plaintiff continuing to bring his subordinates' claims of harassment and discrimination in the workplace to the knowledge of management and World Headquarters in Chicago.   The retaliation cause of action presents direct evidence of causation by Plaintiff's second level supervisor that Plaintiff would lose his job if he did not stop the harassment and discrimination complaints against one of his subordinates from being escalated to the EEO office and World Headquarters.  In a matter of days, Plaintiff's first unsatisfactory performance evaluation was finalized, and shortly thereafter Plaintiff lost his job, being demoted back to a mechanic, where he still works.

As set forth below, Plaintiff duly noticed the Fed. R. Civ. P. 30(b)(6) deposition of Defendant United after a meet and confer process compliant with L.R. 30-1, and Defendant failed to appear.   Plaintiff requests that the Court either Order Defendant to produce a knowledgeable deponent for deposition as noticed, or in the alternative, Order evidentiary or issue sanctions precluding Defendant from offering evidence that would have been obtained from the Deponent.

## II.    FACTUAL AND PROCEDURAL HISTORY AND 30(b)(6) CATEGORIES

On December 31, 2012, Plaintiff filed this action for race discrimination, national origin discrimination, disability discrimination, and retaliation under Title VII, the Americans with Disabilities Act, and the California Employment and Housing Act against his current employer, United Airlines.  On January 25, 2014, Plaintiff served a 30(b)(6) deposition notice, to which Defendant made the following objections.

### L.R. 37-2 STATEMENT OF CATEGORIES

**CATEGORY NO.1:** The identity by race, national origin, date of hire, of all Supervisors at SFO-LX 12 2007 to present.

**OBJECTIONS TO CATEGORY NO.1:**  Defendant objects to this Category on the grounds that it is overbroad and unduly burdensome in that it seeks information regarding all supervisors at SFO-LX over a 7 year time period; that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

evidence; that it seeks information the disclosure of which would violate the constitutional privacy rights of Defendant's current and/or former employees and others who are not parties to this action; and that it is duplicative and cumulative of other discovery requests propounded by Plaintiff. Defendant has produced documents containing the requested information for those individuals who applied for the supervisory position at issue so Plaintiff has the requested information for the relevant group of employees. Based on the foregoing objections, Defendant will not produce a witness to testify regarding this category.

**PROPORTIONALITY:** This seeks demographic information to set the baseline of the persons similarly-situated to Plaintiff before the merger of Continental and United, and is information that Defendant already tracks in its EEO-1 forms. This is important information to demonstrate the impact of the 2011 reduction in force or Talent Selection process.

**CATEGORY NO.2:** For any employee identified in Category 1, the current position and the reason for any change in job position or status.

**OBJECTIONS TO CATEGORY NO.2:** Defendant objects to this Category on the grounds that it fails to describe with with reasonable particularity the matters on which examination is being requested; and that it is overbroad and unduly burdensome in that it seeks information regarding all supervisors at SFO-LX over a 7 year time period. It is not possible for Defendant to educate a witness on less than 10 days' notice regarding all of the unique factual circumstances surrounding the job status of hundreds of employees over a seven year period. Defendant further objects on the grounds that this Category seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; that it seeks information, the disclosure of which violates the constitutional privacy rights of Defendant's current and/or former employees and others who are not parties to this action; and that it is duplicative and cumulative of other discovery requests propounded by Plaintiff. Based on the foregoing objections, Defendant will not produce a witness to testify regarding this category.

**PROPORTIONALITY:** Again, this seeks to identify the demographic results and impact of the 2011 reduction in force or Talent Selection process. This information is easily accessible as it is information that Defendant already tracks in its EEO-1 forms. This is important information to demonstrate the impact of the 2011 reduction in force or Talent Selection process.

**CATEGORY NO.3:** All complaints of harassment at SFO-LX from 2005-2011, including the steps taken to investigate, and the result of of [sic] any and all investigations.

**OBJECTIONS TO CATEGORY NO.3:** Defendant objects to this Category on the grounds that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably caLculated to lead to the discovery of admissible evidence, inasmuch as the Complaint does not allege a claim of harassment. Defendant further objects to this Category on the grounds that it is overbroad and unduly burdensome; and that it seeks information the disclosure of which would violate the constitutional privacy rights of Defendant's current and/or former employees and others who are not parties to this action. Based on the foregoing objections, Defendant will not produce a witness to testify regarding this category.

**PROPORTIONALITY:** This request is limited to a small department in the SFO Maintenance Hub and seeks to the context in which Plaintiff's protected activities occurred. This will demonstrate whether Plaintiff's protected activities were "just workplace issues" as alleged by

Defendant or rather were reasonably-believed complaints of harassment and discrimination. Again, the burden is minimal as this information is centrally located.

**CATEGORY NO.4:**  The investigation of all complaints against Karl Scheele from 2009 to 2012, including the steps taken to investigate, and the result of of [sic] any and all investigations.
**OBJECTIONS TO CATEGORY NO.4:** Defendant objects to this Category on the grounds that it is overbroad and unduly burdensome; that it seeks information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence; that it seeks information the disclosure of which would violate the constitutional privacy rights of Defendant's current and/or former employees and others who are not parties to this action; and that it is duplicative and cumulative of other discovery requests propounded by Plaintiff.  Defendant has produced those non-privileged documents that exist and can be located, Scheele involving Plaintiff, so Plaintiff has the information that is relevant to this litigation. Based on the foregoing objections, Defendant will not produce a witness to testify regarding this category.
**PROPORTIONALITY:**  This request is limited to a small department in the SFO Maintenance Hub and seeks to the context in which Plaintiff's protected activities occurred.  This will demonstrate whether Plaintiff's protected activities were "just workplace issues" as alleged by Defendant or rather were reasonably-believed complaints of harassment and discrimination. Again, the burden is minimal as this information is centrally located.

**CATEGORY NO.5:** The supervisor performance evaluations at SFO-LX both mid-year and annual for Supervisors for 2010.
**OBJECTIONS TO CATEGORY NO.5:** Defendant objects to this request on the grounds that it is overbroad and unduly burdensome in that it seeks information regarding all supervisors at SFO-LX; that it seeks information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence; that it seeks information the disclosure of which would violate the constitutional privacy rights of Defendant's current and/or former employees and others who are not parties to this action; and that it is duplicative and cumulative of other discovery requests propounded by Plaintiff. Defendant has produced the performance reviews prepared by Ken Holder for those individuals who applied for the supervisory position at issue so Plaintiff has the requested information for the relevant group of employees, and Mr. Holder has been made available for his deposition. Based on the foregoing objections, Defendant will not produce a witness to testify regarding this category.
**PROPORTIONALITY:** This is directly relevant comparator information about the positions that were selected for reduction in force or Talent Selection.  These are the documents used by Defendants to determine whether the process should be applied, and who are the individuals who kept their jobs.

**CATEGORY NO.6:** All criteria used to determine which supervisors remained in supervisory positions at the SFO Maintenance facility during and after the "Talent Selection Process" in 2011.
**OBJECTIONS TO CATEGORY NO.6**: Defendant objects to this category on the grounds that it fails to describe with reasonable particularity the matters on which examination is being requested; that it is overbroad and unduly burdensome in that it seeks information regarding all positions at the SFO Maintenance facility, and thus encompasses dozens of different positions;

that it seeks information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence; that it is duplicative and cumulative of other discovery requests propounded by Plaintiff; and that it seeks information regarding multiple positions, involving unique factual circumstances and different decision-makers such that it would be impossible for Defendant to identify and educate a witness to be able to testify regarding this category as it is defined. Subject to and without waiving the foregoing objections, Defendant will produce a witness at Defendant's principal place of business who can testify regarding the criteria used in the 'Talent Selection Process'' to determine which supervisors were selected for the supervisor position for which Plaintiff applied in June 2011 which is the subject of this lawsuit.

**PROPORTIONALITY:** Defendant agreed to produce a witness; however, it failed to appear in San Francisco for the deposition. Defendant would not stipulate to videoconference deposition.

**CATEGORY NO.7**:All documents and electronically stored information referenced and/or utilized by the decisionmakers at Defendant in determining which supervisors would be retained as supervisors at the SFO maintenance facility during and after the "Talent Selection Process" in 2011.

**OBJECTIONS TO CATEGORY NO.7**: Defendant objects to this category on the grounds that it fails to describe with reasonable particularity the matters on which examination is being requested; that it is overbroad and unduly burdensome in that it seeks information regarding all supervisors at SFO Maintenance facility, and thus encompasses dozens of employees; that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; that it is burdensome and oppressive in that it purports to compel the production of and testimony regarding ESI which Plaintiff has not requested and which could not be obtained at this late date without a disproportionate expenditure of time and financial resources; that it seeks information the disclosure of which would violate the constitutional privacy rights of Defendant's current and/or former employees and others who are not parties to this action; and to the extent it is duplicative and cumulative of other discovery requests propounded by Plaintiff. Defendant has produced documents containing the requested information for those individuals who applied for the supervisory position at issue so Plaintiff has the requested information for the relevant group of employees. Based on the foregoing objections, Defendant will not produce a witness to testify regarding this category.

**PROPORTIONALITY:** This request is limited geographically just to SFO. It includes other mechanics, but is directly relevant to similarly-situated employees. There is little additional burden to identify what information that a company used to implement a reduction in force. Again, the burden is minimal as this information is centrally located.

### A. The Meet and Confer Process Prior to Issuance of the Deposition Notice and the Service of the Notice of Deposition

On January 10, 2014, Plaintiff's counsel informed Defendant's counsel by fax of the categories of information as to which Plaintiff would be seeking a 30(b)(6) deposition and proposing dates for the deposition. ((Declaration of Dow W. Patten "Patten Decl.", ¶ 2, Ex. "B"). Defendant did not respond to that request to meet and confer on the categories of

information until January 23, 2014, when counsel faxed a letter objecting to the scope of the deposition, alluding to a protective order, and offering a deponent for unspecified categories on February 5, 2014 in Chicago (Patten Decl., ¶3, Ex. "C").

Plaintiff's counsel responded by fax on January 25, 2014, providing case law concerning the location of 30(b)(6) depositions and the proper procedure for addressing the issue, inviting Defendant to engage in a substantive fashion with a factual basis for the deposition to occur at a place other than that noticed, based on the factors from applicable case law. (Patten Decl., ¶4, Ex. "D").  That correspondence also addressed the procedure for objecting to the notice, a protective order.  *Id.*  Plaintiff prepared a notice for the date provided by Defendant:  February 5, 2014. Given numerous depositions and the approaching discovery cut off,  Plaintiff attached courtesy copy of the Notice of Deposition by fax and served it by mail the same day (a Saturday) (Patten Decl., ¶5, Ex. "A")[2].

**B.     The Meet and Confer Process After Service of the Notice of Deposition.**

Defendant responded on January 30, 2014,  alleging that the notice was untimely, but not addressing any of Plaintiff's case law nor the factual basis for requiring the deposition to occur at a place other than the location properly noticed. (Patten Decl., 6, Ex. "E").  Instead, Defendant stated that it was prepared to offer a deponent on February 5, 2014 as to a single category of information:  the selection process and criteria used in determining who would fill Plaintiff's former position, and served objections to the deposition by personal service. *Id.*

Upon receipt of Exhibit "E", counsel's January 30, 2014 letter, the same day, Plaintiff's counsel called to meet and confer telephonically with Ms. Guilfoyle, but was informed that she was not available.  (Patten Decl., ¶7, Ex. "F").   Plaintiff prepared a fax setting forth Plaintiff's position that under the applicable case law, the deposition should go forward as noticed, unless there are circumstances which would suggest that San Francisco is an improper location for the 30(b)(6) deposition. *Id.*   Defendant did not respond until February 3, 2014, when an email from Ms. Thompson came in indicating that no deponent would be produced.  (Patten Decl., ¶8, Ex. "G").

---

2   The Notice of Deposition contained typographical errors, including the "2013" reference to dates in 2014.

**C.    No Motion For Protective Order Concerning Defendant's Objections**

At no time prior to, nor since the date offered by Defendant and noticed by Plaintiff for the 30(b)(6) deposition (February 5, 2014), did Defendant seek a motion for a protective order as required by Fed. R. Civ. P. Rule 37(d)(2) (Patten Decl, ¶ 9).

**D.    The Deposition of Defendant:  February 5, 2014.**

On February 5, 2013, at the date, time and place set forth in the deposition notice, Plaintiff commenced the deposition of Defendant United, by going on the record at 10:15 a.m., and noting the non-appearance of any deponent or counsel for Defendant. (Patten Decl., ¶10). No one from United nor Defendant's office appeared at the location of the deposition—Plaintiff's counsel's offices—the remainder of that day (Patten Decl., ¶11).

**E.    Meet and Confer Efforts After the Failure of Defendant to Appear for Its Own Deposition.**

On February 10, 2014 at 10:00 a.m., the parties engaged in an in-person meet and confer session discussing, *inter alia* various discovery issues.  (Patten Decl., ¶12).    Plaintiff's counsel inquired of Defendant's counsel if there was anything that Plaintiff or the parties could do to get the deposition testimony of the 30(b)(6) notice without Court intervention.   (Patten Decl., ¶ 13). Defendant's counsel replied in the negative.    The undersigned hereby certifies that he met and conferred in person and in good faith with Defendant's counsel to obtain the 30(b)(6) deposition testimony without court intervention.

**III.  LAW AND ARGUMENT**

**A.    Rule 30 Contemplates the Moving Party Setting the Location of the Deposition.**

The Federal Rules set forth a straightforward procedure for the noticing of depositions of parties:  the noticing party chooses a location and date, and serves the notice.  Fed. R. Civ. P.

7

30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address.")   The rule makes no limitation on the location of the deposition *a priori*.   Local Rules moderate the potential harshness of this rule by requiring the parties to communicate concerning the scheduling of the deposition N.D.Cal. L.R. 30-1.  ("For the convenience of witnesses, counsel and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel or, if the party is pro se, the party.").

Plaintiff followed the procedures set forth by the Federal Rules and the Local Rules in this matter by providing a list of the topics of information for the deposition on January 10, 2014 (Patten Decl., Ex. "B"), and by utilizing the date of availability offered by Defendant's counsel in response (Patten Decl., Exhs. "C" and "D").  As such, Defendant was under an obligation to attend its deposition.  (Fed. R. Civ. P. 30(g)(1) and 37(d)).

### B.  Service of Objections to A Notice of Deposition Does Not Relieve a Party of Its Duty to Attend.

The Federal Rules set forth a procedure for resolving objections to the deposition, and that is motion for a protective order.  Fed. R. Civ. P.  26(c).  There is no defense to a motion for sanctions for failure to appear for one's own deposition unless the party has a pending motion for a protective order on on file.  Fed. R. Civ. P. 37(d)(2) ("(2) Unacceptable Excuse for Failing to Act. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)").

Indeed, The Rules also note that a court may, for good cause, issue an order to protect a party from oppression, undue burden or expense, including by "specifying terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(l) & (c)(l)(B).  A motion for a protective order would be the means by which Defendant would proffer the factual foundation for any claim of oppression, undue burden or expense.  Plaintiff requested this information from Defendant, but received no substantive response.  (Patten Decl., Exh. "D").  As noted above, Ms.

Guilfoyle's letter did not indicate the identity of the deponent; therefore Plaintiff remains unsure as to how appearing in San Francisco would cause any undue burden.   In any event,  Defendant chose not to avail itself of the means the Rules provide for changing the location of a noticed deposition, as it filed no such motion. (Patten Decl., ¶ 9).

### C.    All Factors Weigh In Favor of A Deposition In The Northern District of California.

The relevant factors here, taken in light of Fed. R. Civ. P. 1's mandate that the litigation be "administered to secure the just, speedy, and inexpensive determination" of the action, weigh entirely in favor of the deposition going forward in the forum in which this matter was brought. These factors include,  "location of counsel for both parties[San Francisco] size of defendant corporation [Fortune 100]  and regularity of executive travel[presumably frequent] resolution of discovery disputes by the forum court [San Francisco] and the nature of the claim [discrimination and retaliation at SFO] and the relationship of the parties [employer/employee at largest maintenance hub worldwide: SFO]," *Nat'l Community Reinvestment Coalition v. NovaStar Fin., Inc.*, 604 F. Supp. 2d 26,31-32 (D.D.C. 2009).  Defendant did not take Plaintiff up on Plaintiff's offer to address these factors.  (Patten Decl., ¶¶ 6,7).

### D.    Defendant Must Be Either Compelled to Produce a Knowledgeable Witness or Have Evidentiary Sanctions Imposed

Rule 37(d)(3) provides that the court may impose the following sanctions for a party's failure to permit discovery: (i) the court may order that designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) the court may prohibit the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) the court may strike pleadings in whole or in part; (iv) the court may stay further proceedings until the order is obeyed; (v) the court may dismiss the action or proceeding in whole or in part; and (vi) the court  may render a default judgment against the disobedient party. *Id*.  Rule 37(d)(3) further provides that "[i]nstead of or in addition to [the aforementioned] sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees

caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id*.

**IV.     CONCLUSION**

Should the Court be inclined to Order Defendant to appear for its deposition as noticed, Plaintiff respectfully requests that it be for a date certain.  In the alternative, given that the discovery cutoff has already passed, that Defendant instead be sanctioned by ordering that Defendant be prohibited, as a disobedient party, from offering evidence supporting its claim of a legitimate business reason for the adverse actions alleged in the Complaint herein or defending Plaintiff's retaliation claim based upon the allegation of no protected activity.

Respectfully submitted, this 13th day of February, 2014

SMITH PATTEN
  */s/ Dow W. Patten*
Dow W. Patten
Attorneys for Plaintiff
Raul Bonillas