Tracy Thompson (SBN 88173)
  tt@millerlawgroup.com
Jennifer Cotner (SBN 255785)
  jrc@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
UNITED AIRLINES, INC.
(f/k/a United Air Lines, Inc.)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL BONILLAS, an individual, | Case No.: 4:12-cv-06574-SBA |
| Plaintiff, | |
| v. | **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| UNITED AIR LINES, INC. and DOES 1 through 10, inclusive, | |
| Defendants. | Date:     October 14, 2014 |
| | Time:     1:00 p.m. |
| | Judge:    Hon. Saundra B. Armstrong |
| | Ctrm:     1 |
| | |
| | Complaint filed:  December 31, 2012 |

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

**TABLE OF CONTENTS**

I.     NOTICE OF MOTION ...................................................................................1

II.    MEMORANDUM OF POINTS AND AUTHORITIES.......................................1

      A.    INTRODUCTION ...........................................................................1

      B.    STATEMENT OF ISSUES TO BE DECIDED ...................................2

      C.    STATEMENT OF FACTS ................................................................3

            1.    Plaintiff's Allegations And Procedural History .......................3

            2.    Defendant Files Its Motion For Summary Judgment, Demonstrating That Plaintiff's Disability Discrimination Claims Were Frivolous.............6

            3.    Defendant Has Incurred $164,320.84 In Fees Related To Defending Plaintiff's Disability Claims and $21,556 In Preparing This Motion. .......7

      D.    ARGUMENT ..................................................................................8

            1.    The Court Should Require Plaintiff's Counsel To Pay Defendant's Requested Fees Under Its Inherent Power Or 28 U.S.C. Section 1927.  9

                  a.    The Court's Sanctions Award Should Include Fees Incurred From The Outset Of The Case..........................10

                  b.    In The Alternative, The Court's Sanctions Award Should Include Fees Incurred After Plaintiff's Deposition Occurred...........................................12

            2.    Defendant Is Entitled To Its Attorneys' Fees Reasonably Incurred In Defending Against Plaintiff's Frivolous Disability Discrimination Claims..............................13

                  a.    Under Well-Established Authority, Prevailing Defendants Are Entitled To Their Reasonable Attorneys' Fees Under The ADA And The FEHA If The Plaintiff's Claims Are "Frivolous, Unreasonable, Or Groundless."...........13

                  b.    Defendant Is Entitled To Its Reasonable Attorneys' Fees Incurred From The Beginning Of This Case To Defend Against Plaintiff's Frivolous Disability Discrimination Claims. ........................14

                  c.    In The Alternative, Defendant Is Entitled To $113,100.62 As Its Reasonable Attorneys' Fees Incurred In Defending Against Plaintiff's Disability Claims Since Plaintiff's Deposition on January 15, 2014 Plus The Cost Of Preparing This Motion .........................15

            3.    Defendant Also Seeks $13,465 In Costs Specifically Attributable To Its Defense Of Plaintiff's Disability Discrimination Claims. ......................16

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

E.      CONCLUSION..................................................................................17

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF– Case No.: 4:12-cv-06574-SBA**

# TABLE OF AUTHORITIES

**Cases**

*B.K.B. v. Maui Police Dept.*
  276 F.3d 1091 (9th Cir. 2002) ........................................................................ 9

*Baker v. Mulholland Sec. & Patrol, Inc.*
  204 Cal. App. 4th 776 (2012) ......................................................................16

*Bond v. Pulsar Video Prods.*
  50 Cal. App. 4th 918 (1996) ........................................................................14

*Christiansburg Garment Co. v. EEOC*
  434 U.S. 412 (1978) ................................................................2, 13, 14, 16

*Cotterill v. City & County of San Francisco*
  No. 08-2295, 2010 WL 1223146 (N.D. Cal. March 10, 2010) ............................12

*Fink v. Gomez*, 239 F.3d 989
  (9th Cir. 2001) ....................................................................................9, 10

*Gonzales v. Metpath*
  214 Cal. App. 3d 422 (1989) ......................................................................15

*Lahiri v. Universal Music & Video Dist. Corp.*
  606 F.3d 1216 (9th Cir. 2010) ..........................................................9, 10, 12

*Louie v. Carichoff*
  No. 05-0984 WL 3349521 (E.D. Cal. Nov. 16, 2006) ......................................15

*M.M & E.M. v. Lafayette Sch. Dist.*
  No. 09-4624, 2012 WL 3257662 (N.D. Cal. Aug. 8, 2012) ................................16

*Moss v. Associated Press*
  956 F. Supp. 891 (C.D. Cal. 1996) ....................................................14, 15, 16

*No Barriers, Inc. v. Brinker Chili's Texas, Inc.*
  262 F.3d 496 (5th Cir. 2001) ......................................................................16

*Peters v. Winco Foods, Inc.*
  320 F. Supp. 2d 1035 (E.D. Cal. 2004) ....................................................14, 15

*Ramirez v. Merced County*
  No. 1:11-CV-531, 2013 WL 4780440 (E.D. Cal. Sept. 5, 2013) ....................14, 16

*Saman v. Robbins*
  173 F.3d 1150 (9th Cir. 1999) ....................................................................14

*Saret-Cook v. Gilbert, Kelly, Browley & Jennett*
  74 Cal. App. 4th 1211 (1999) ......................................................................15

*Summers v. Teichart & Son, Inc.*
  127 F.3d 1150 (9th Cir. 1997) ....................................................................14

iii

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

*The Jolly Group, Ltd. v. Medline Indus., Inc.*
   435 F.3d 717 (7th Cir. 2006) ...................................................................................12

*Tutor-Saliba Corp. v. City of Hailey*
   452 F.3d 1055 (9th Cir. 2006) ............................................................................14, 15

**Statutes**

28 U.S.C. § 1927 ............................................................................................ *passim*

42 U.S.C. § 1201 ........................................................................................................ 1

42 U.S.C. § 12205 .............................................................................................1, 2, 9, 13

Cal. Gov't Code § 12900 ............................................................................................ 1

Cal. Gov't Code §12965(b) .....................................................................................1, 2, 9, 13

**Rules**

Civil Local Rule 54-5(b)(2) ...................................................................................... 8

Miller Law Group
A Professional Corporation
California

# I.   NOTICE OF MOTION

TO PLAINTIFF RAUL BONILLAS AND HIS ATTORNEYS OF RECORD:

NOTICE IS HERBY GIVEN that on October 14, 2014, at 1:00 p.m., in Courtroom 1 of the United States District Court, Northern District, Defendant United Airlines, Inc., will move and does hereby move for an award of attorneys' fees, costs, and sanctions against Plaintiff and Plaintiff's counsel for those fees incurred related to Plaintiff's prosecution of his frivolous and groundless claims for discrimination on the basis of his alleged disability.

This Motion is made on the grounds that Plaintiff's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1201, *et seq.*, and the California Fair Employment and Housing Act ("FEHA"), Cal. Government Code §§ 12900, *et seq.*, were plainly frivolous, unreasonable and groundless.   Defendant seeks: (1) its attorneys' fees incurred related to these claims in the amount of $164,320.84; (2) $13,465 in costs related to defending these claims; and, (3) its attorneys' fees incurred in preparing and arguing this Motion for Attorneys' Fees in the amount of $21,556.   These fees and costs are sought against Plaintiff's counsel pursuant to 28 U.S.C. section 1927 and the Court's inherent power, and against Plaintiff pursuant to 42 U.S.C. section 12205 and Cal. Government Code section 12965(b). Defendant's fees are reasonable in light of the work associated with Defendant's defense and the hourly rates charged by the attorneys involved.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declarations of Tracy Thompson and Jennifer Cotner, and all pleadings, files and records in this action.

# II.   MEMORANDUM OF POINTS AND AUTHORITIES

## A.   INTRODUCTION

From Day One in this action, Plaintiff indisputably lacked any evidence to prove an essential element of his disability discrimination claims against Defendant – that Defendant's decision makers were aware of his alleged disability.   Yet Plaintiff, and particularly his attorneys, continued to aggressively litigate these frivolous claims through the

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF– Case No.: 4:12-cv-06574-SBA

eve of trial.  Defendant, consequently, had no choice but to devote hundreds of hours to investigating and litigating a number of factual issues that were completely irrelevant to Plaintiff's other claims.  In short, Plaintiff's disability claims represented an unmistakable abuse of the protections afforded by the ADA and FEHA.

Under well-settled precedent, the Court may, and should, impose significant sanctions on Plaintiff's counsel and award fees and costs against Plaintiff for their reckless, bad faith pursuit of Plaintiff's frivolous disability discrimination claims.  Sanctions against Plaintiff's counsel are authorized by 28 U.S.C. section 1927 and the Court's inherent power. The award of fees and costs against Plaintiff is authorized by the law applicable to the ADA or the FEHA, which entitles a defendant who prevails on a claim to recover attorneys' fees and expert witness costs against the plaintiff where the claims asserted are frivolous, unreasonable, without foundation, or brought in bad faith.  Those terms accurately describe Plaintiff's disability discrimination claims, and Defendant respectfully requests that it be awarded its reasonable attorneys' fees and costs.  These awards will appropriately reimburse Defendant for the unnecessary costs it incurred and will deter similar misconduct in the future.

**B.     STATEMENT OF ISSUES TO BE DECIDED**

(1)     Whether Defendant is entitled to its reasonable attorneys' fees and costs against Plaintiff's counsel related to its defense of Plaintiff's disability discrimination claims pursuant 28 U.S.C. section 1927 and the Court's inherent authority.

(2)     Whether Defendant is entitled, as a prevailing party, to its reasonable attorneys' fees and costs against Plaintiff related to its defense of Plaintiff's disability discrimination claims under the ADA and the FEHA on the ground that the claims were "frivolous, unreasonable, or groundless" pursuant to 42 U.S.C. § 12205, California Government Code section 12965(b), and the cases applying the reasoning of *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), to the ADA and the FEHA.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1  **C.  STATEMENT OF FACTS**

2      **1.  Plaintiff's Allegations And Procedural History**

3          Plaintiff filed his Complaint on December 31, 2012, alleging that he was

4  "effectively demoted" from his Supervisor position at United due to racial and national origin

5  discrimination, retaliation, and discrimination based on his alleged disability of Post-Traumatic

6  Stress Disorder ("PTSD"). (*See* Complaint)  Defendant denied these allegations because its

7  decision not to select Plaintiff for a Supervisor position was based on legitimate business

8  reasons.  No discriminatory animus was involved.

9          From the inception of this case through the Court's order granting Defendant's

10 Motion for Summary Judgment, Plaintiff aggressively prosecuted this action, causing

11 Defendant to expend considerable time, costs and attorneys' fees in defending against

12 Plaintiff's discrimination claims, including his disability discrimination claims, over the course

13 of the last eighteen months.    (Declaration of Tracy Thompson ("Thompson Decl.") ¶ 2.)

14 Plaintiff's actions have included the service of multiple unduly broad and burdensome

15 document requests, the demand that Defendant expend time and resources undertaking an

16 expensive and time-consuming search for ESI (which ultimately yielded little in the way of

17 additional documents beyond those already produced), the production by Plaintiff of many

18 thousands of pages of completely irrelevant documents, a lack of cooperation in resolving

19 even simple matters such as the scheduling of Plaintiff's deposition, multiple discovery

20 disputes,  and associated meet and confer discussion and discovery motions.  (Thompson

21 Decl. ¶ 2.)

22          As an initial matter, Defendant's counsel responded to Plaintiff's written

23 discovery requests by reviewing many thousands of pages of documents, and ultimately

24 producing almost eleven thousand pages of documents to Plaintiff's counsel.  (Thompson

25 Decl. ¶ 3.)  These documents included thousands of pages of Plaintiff's medical records,

26 which presumably were sought because of Plaintiff's claim of disability discrimination based

27 on an alleged diagnosis of PTSD.  (Thompson Decl. ¶ 3.)

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF– Case No.: 4:12-cv-06574-SBA**

Following this production of documents, which included email correspondence, Plaintiff's counsel demanded that Defendant undertake a further search for ESI. (Thompson Decl. ¶ 4.) As a result of this demand, Defendant was required to retain an outside vendor to assist in the retrieval and preliminary review of thousands of pages of additional ESI, the vast bulk of which turned out to be duplicative of the ESI that Defendant had already produced. (*Id.*) Defendant was forced to expend many hours of attorney and paralegal time, as well as to incur the substantial costs charged by its ESI vendor. (*Id.*) These ESI vendor costs are included in Defendant's Bill of Costs submitted to the Court. (*Id.*)

Plaintiff also produced some 21,000 pages of ESI in several different productions. (Thompson Decl. ¶ 5.) Defendant's counsel and their paralegals thereafter had to spend dozens of  hours attempting to understand what documents had been produced because of Plaintiff's multiple productions of ESI, his incorrect Bates-numbering, gaps in Bates-numbering, duplicative Bates-numbering, and reordering of documents. (*Id.*) Plaintiff's failure to follow basic and well-accepted conventions with regard to the production and sequential Bates-numbering of documents created substantial and on-going confusion for Defendant, and resulted in numerous hours of attorney and paralegal time being spent in an effort to sort out what had occurred and to manage the enormous productions. (*Id.*)

As part of discovery into Plaintiff's disability discrimination claims, Defendant's counsel also subpoenaed and reviewed hundreds of pages of medical records from Plaintiff's numerous health care and workers' compensation providers. (Thompson Decl. ¶ 6.) Due to Plaintiff's lack of cooperation with respect to this process, Defendant was forced to incur many hours of attorneys time simply to obtain Plaintiff's authorizations for the release of these records. (*Id.*)

Plaintiff was finally deposed on January 15, 2014, just a few short weeks before fact discovery cut-off. Even then, this deposition occurred only after Defendant filed a motion to compel his attendance after many attorney hours spent trying to secure Plaintiff's voluntary cooperation. (Thompson Decl. ¶ 7.) (The Magistrate Judge granted Defendant's motion to compel and ultimately awarded Defendant $9,827.10 in sanctions against Plaintiff's counsel

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

for Defendant's fees incurred in bringing the motion.  Plaintiff's appeal of the Magistrate's Order is currently pending before the Court.) (*Id.*)

During his deposition, Plaintiff admitted that he had no factual support for his claim that he had been discriminated against on the basis of his alleged PTSD, because he conceded facts which established that he had never told the decision-makers about PTSD or any other alleged disability.  (Thompson Decl. ¶ 8, Ex. 1 (excerpts from Plaintiff's Deposition) at 139:19-140:15, 140:19-141:23, 209:17-21,210:15-21)   (True and correct copies of excerpted portions of Plaintiff's certified deposition transcript are attached to the Thompson Declaration as Exhibit 1.)  Instead, Plaintiff testified that the only person whom he had ever explicitly told he had PTSD was his former manager, Kenneth Holder, who was not involved in the adverse action alleged in the Complaint.  (*Id.*)

It is also undisputed that Plaintiff knew, since before the outset of this case, that Holder was not involved in the decision not to select him for a Supervisor position.  As Plaintiff also admitted in his deposition, he knew Holder had ceased being his manager several months before Plaintiff had even applied for the position at issue.  (Thompson Decl. ¶ 10 and Ex. 1.)  Further, Plaintiff testified that he had lobbied to save Holder's job.  (*Id.*)

In addition, Plaintiff had propounded an interrogatory asking Defendant for the name of "[e]ach and every person who had any input or participated in any way in the decision."  Defendant responded on October 29, 2013, providing the names of the relevant decision makers; Holder was not included.  (Thompson Decl. ¶ 11.)  (A true and correct copy of Defendant's verified Amended Responses to Plaintiff Raul Bonillas' Interrogatories, Set One, is attached to the Thompson Declaration as Exhibit 2.)

Plaintiff took Holder's deposition on January 29, 2014.  (Thompson Decl. ¶ 12.) Holder testified that he had been displaced from his position at the San Francisco Maintenance Base in around early 2011. (*Id.*)  (True and correct copies of excerpted portions of Mr. Holder's certified deposition transcript are attached to the Thompson Declaration as Exhibit 3.)

Around the time of Plaintiff's deposition, Defendant conducted further discovery

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

5

1  with regard to Plaintiff's disability discrimination claims by subpoenaing and deposing three

2  health care providers whom Plaintiff had identified in his discovery responses.  (Thompson

3  Decl. ¶ 13.)   Defendant also retained a psychiatric expert to rebut Plaintiff's claim that he

4  suffered from PTSD.  (*Id*.)  Defendant served the report of its expert, Dr. Bernard Rappaport,

5  on February 6, 2014. (Thompson Decl. ¶ 17.)   The report concluded that Plaintiff never had

6  PTSD in the first place.  (*Id*.)  Plaintiff's counsel did not submit an expert report to rebut this

7  conclusion.  (*Id*.)

8         On March 22, 2014, Defendant deposed Dr. Roy Curry, a psychiatrist whom

9  Plaintiff had identified as having examined him on several occasions. Dr. Curry testified in his

10  deposition that, in his opinion, Plaintiff had never suffered from PTSD.  (Thompson Decl. ¶

11  18.)

12         Around the same time, and before the close of fact discovery on February 11,

13  and expert discovery on March 27, 2014, Plaintiff's counsel engaged Defendant in extensive

14  meet and confer sessions, filed a number of discovery-related motions and administrative

15  motions, and made a pointless motion for summary adjudication of Defendant's affirmative

16  defenses.  (Thompson Decl. ¶ 13.)

17         **2.    Defendant Files Its Motion For Summary Judgment, Demonstrating That
              Plaintiff's Disability Discrimination Claims Were Frivolous**

18

19         Defendant filed its Motion for Summary Judgment on February 11, 2014,

20  arguing in relevant part that, because Holder was not involved in the decision not to select

21  Plaintiff for the Supervisor position at issue, and because the decision-makers had no

22  knowledge of any alleged disability, Defendant was entitled to judgment on Plaintiff's disability

23  discrimination claims as a matter of law.  (Thompson Decl. ¶ 9.)

24         The initially scheduled hearing on Defendant's Motion for Summary Judgment

25  did not take place, and in the meantime trial in this action was originally scheduled to begin on

26  June 23, 2014.  (Thompson Decl. ¶ 14)   The trial date was continued by the Court on two

27  occasions.  Before the Court ultimately took the trial off calendar on August 4, 2014, trial was

28  set to begin on September 29, 2014, with pretrial disclosures due on August 5, 2014.  (*Id*.)

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

6

As part of the parties' duty to meet and confer in advance of these pretrial disclosures, they discussed ways to clarify and narrow the issues for trial.  Plaintiff's counsel, finally acknowledging the baselessness of Plaintiff's disability discrimination claims, offered to dismiss them for a waiver of costs on July 28, 2014.  (Thompson Decl. ¶ 15.)  (A true and correct copy of Plaintiff's counsel's letter is attached to the Thompson Declaration as Exhibit 4.)

Defendant refused to waive its right to seek its costs in defending these disability discrimination claims, and Plaintiff never dismissed them.  (Thompson Decl. ¶ 16.)

### 3.   Defendant Has Incurred $164,320.84 In Fees Related To Defending Plaintiff's Disability Claims and $21,556 In Preparing This Motion.

Plaintiff's insistence on including, and then continuing to prosecute, claims for disability discrimination caused Defendant to incur attorneys' fees and costs totaling $164,320.84, as detailed more fully below and in the supporting declarations of counsel. These fees include $33,179.90 for time spent from the inception of this case: (1) reviewing thousands of pages of Plaintiff's medical and workers' compensation records; (2) subpoenaing and reviewing the medical records of Plaintiff's health care providers (including a substantial amount of time meeting and conferring with Plaintiff's counsel regarding the authorizations for release of medical information by their client); (3) subpoenaing and taking the depositions of health care providers identified by Plaintiff in his interrogatory responses, and (4) retaining and corresponding with a psychiatric expert witness to rebut Plaintiff's claim that he suffered from PTSD.  (Declaration of Jennifer Cotner in Support of Defendant's Motion for Attorneys' Fees ("Cotner Decl."), ¶¶ 6-11)  This sum is clearly attributable strictly to Plaintiff's disability claim.

In addition, Defendant has spent $657,054.70 in attorneys' fees on the rest of the case as a whole – including factual investigation, exchanging written discovery, extensive meet and confer and motion practice over discovery issues, depositions, expert disclosures,

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1    summary judgment and trial preparation.[1]  (*Id.* ¶ 12)   Defendant attributes one-third of these

2    fees, to its disability discrimination claims, as Plaintiff also pled claims for race/national origin

3    discrimination and retaliation.  (*Id* ¶ 13)   However, to avoid any claim that Defendant is

4    including fees relating to Plaintiff's other claims, and to ensure the attorneys' fees award is

5    fair, Defendant seeks only one-fifth of these total fees, or $131,140.94, in this Motion, in

6    addition to the $33,179.90 described above, for a total of $164,320.84.  (*Id.*)  Finally,

7    Defendant also seeks $21,556 in attorneys' fees for preparing and drafting this Motion for

8    Attorney Fees, for a total fee request of $185,876.84.  (Thompson Decl. ¶ 26)

9          The fees involved are reasonable in light of the work associated with fact

10   investigation, discovery, the extensive contentious meet and confer process necessitated by

11   the actions of Plaintiff's counsel, summary judgment, and trial preparation and the hourly

12   rates charged by the principal attorneys involved ($372, $320, $288).  (*See id.*, ¶¶ 19-25)[2]

13   **D.    ARGUMENT**

14         Although doomed from the start, Plaintiff's disability discrimination claims greatly

15   complicated what otherwise should have been a straightforward employment case.

16   Defendant had to devote considerable time, costs and attorneys' fees to the investigation of

17   factual issues that were completely irrelevant to Plaintiff's other claims – including in particular

18   whether Plaintiff ever had PTSD.  Because Plaintiff's disability discrimination claims were

19   frivolous from the outset and should never have been asserted, the Court should order

20

21   _____

[1] This amount *does not* include $9,827.10 in attorneys' fees ordered as a sanction against
22   Plaintiff's counsel by Magistrate Judge Laporte on April 1, 2014.  (Dkt. 114)  The Order is
      currently held in abeyance by the Court (Dkt. 129), and the sanctions have not been paid by
23   Plaintiff's counsel.  (Cotner Decl., ¶ 12)  Defendant will be filing an administrative motion
      seeking a ruling on this pending matter, but, in the meantime, this amount is not included in
24   the fees sought by Defendant here to avoid any possibility of a double recovery.  (*Id.*)

[2] The qualifications, experience and billing rates of each of the attorneys and paralegals who
25   worked on this matter are described in additional detail in the accompanying Declarations of
      Tracy Thompson and Jennifer Cotner.  Ms. Cotner's Declaration also provides a statement of
26   the services rendered by each person for whose services fees are claimed together with a
      summary of the time spent by each person, and a statement describing the manner in which
27   time records were maintained, as required by Civil Local Rule 54-5(b)(2).  Defendant can also
28   provide copies of its billing invoices to the Court for *in camera* review if it so desires.

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF– Case No.: 4:12-cv-06574-SBA**

Plaintiff's counsel and Plaintiff to pay Defendant's reasonable attorneys' fees and costs incurred in defending against these claims.  The award against Plaintiff's counsel is warranted under 28 U.S.C. section 1927 and the Court's inherent power, and the award against Plaintiff is proper under 42 U.S.C. section 12205 and California Government Code section 12965(b).

**1.   The Court Should Require Plaintiff's Counsel To Pay Defendant's Requested Fees Under Its Inherent Power Or 28 U.S.C. Section 1927.**

As officers of the Court and as attorneys knowledgeable about employment discrimination law, Plaintiff's counsel are plainly and primarily culpable in the pursuit of Plaintiff's frivolous disability discrimination claims.  Their actions thus warrant a fee award as a sanction under the Court's inherent power or 28 U.S.C. § 1927.[3]

The standards for imposition of sanctions under the Court's inherent power or 28 U.S.C. section 1927 are closely related, and in many cases the courts have sanctioned counsel on both grounds.  *See, e.g.*, *Lahiri v. Universal Music & Video Dist. Corp.*, 606 F.3d 1216, 1218 (9th Cir. 2010) (awarding defendants $247,397.28 in fees and $10,808.76 in costs); *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1106 (9th Cir. 2002).

Sanctions are available under section 1927 when an attorney knowingly or recklessly raises a frivolous argument or engages in bad faith.  *B.K.B*, 276 F.3d at 1107.  With respect to the Court's imposition of sanctions under its inherent power, the court in *B.K.B.* explains:

> [S]anctions are available [under the court's inherent power] if the court specifically finds bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose. Therefore ... an attorney's reckless misstatements of law and fact, when coupled with an improper purpose, ... are sanctionable under a court's inherent power.

276 F.3d at 1108, quoting *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).  In other words,

---

[3] 28 U.S.C. section 1927 provides that "[a]ny attorney … who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

sanctions may be imposed when counsel recklessly make an argument, knowing that it is frivolous. *Id.* at 1107; *Lahiri*, 606 F.3d at 1223.

### a. The Court's Sanctions Award Should Include Fees Incurred From The Outset Of The Case

The word "reckless" accurately and appropriately describes Plaintiff's counsel's approach to Plaintiff's disability discrimination claims from the very beginning of this case. Plaintiff's counsel are culpable because they either did no pre-filing due diligence to evaluate the merits of the disability discrimination claims or turned a blind eye to the undisputed facts that negated any chance that Plaintiff could prove a prima facie case regarding those claims.

As Plaintiff admitted in deposition, Holder was the only individual at Defendant who knew of his alleged PTSD. But Holder was not a decision maker, and none of the decision makers involved knew about Plaintiff's PTSD condition. Because Plaintiff was testifying from personal knowledge, he surely knew of this fact from the outset of this case and presumably would have given this information to his counsel if asked about it. Nevertheless, Plaintiff's counsel filed a Complaint alleging that Plaintiff was discriminated against on the basis of his alleged PTSD disability and continued to aggressively litigate these claims for over a year and a half. Indeed, Plaintiff's counsel engaged in discovery tactics that resulted in attorneys' fees many times over what they should have been for any straightforward employment case (much less a frivolous one), including extensive ESI and groundless motion practice). (Thompson Decl., ¶¶ 2-6, 13) Their tactics were tantamount to a "scorched earth" approach in the hopes of forcing a settlement of a wholly meritless action.

In fact, Plaintiff's Opposition to Defendant's Motion for Summary Judgment establishes beyond doubt that Plaintiff's counsel were acting recklessly in pursuit of Plaintiff's indisputably frivolous disability claims. Near the end of the 27-page Opposition, Plaintiff's counsel spent less than one page on the merits of Plaintiff's disability claims that did nothing more than spout some immaterial legal principles. (Dkt. 75, pp. 25-26) Plaintiff's counsel did not argue, much less submit any evidence of, disability discrimination. Nor did they even attempt to rebut the facts emphasized in Defendant's Motion that indisputably proved that (i)

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

10

none of its decision makers knew of Plaintiff's alleged disability, and (ii) Plaintiff never heard any supervisor or manager at United make any kind of derogatory joke or comment about people with disabilities.  Further, even though Defendant sustained its burden of articulating a legitimate, non-discriminatory reason for the adverse action, Plaintiff's Opposition failed to even *suggest* that this reason was pretextual, essentially conceding the point, which was equally fatal to his claims.  (*Id.*)

The Court's 26-page Order Granting Defendant's Motion for Summary Judgment (Dkt. 145) removes any doubt about Plaintiff's counsel's reckless pursuit of a frivolous claim.  After reiterating Plaintiff's *prima facie* case and noting that his ADA and FEHA disability discrimination claims were subject to a similar analysis, the Court disposed of Plaintiff's disability claims in two short paragraphs:

> To prove a disability discrimination claim, "a plaintiff must prove the employer had knowledge of the employee's disability when the adverse employment decision was made." Brundage v. Hahn, 57 Cal. App. 4th 228, 236-37(1997).   "An adverse employment decision cannot be made because of disability when the disability is not known to the employer." Id. at 236.  Here, the only person at UAL who was aware of Bonillas' condition was Holder, who was not involved in the Supervisor selection process. Bonillas Dep. 129:16-133:23. Bonillas has likewise failed to present any evidence that the persons involved in his hiring decision were aware that he had PTSD.  Opp'n at 26. To the contrary, the record shows they were not.  Stewart Decl., ¶ 19; Fulton Decl., ¶ 15; Wagner Dep. 77:-78:3[sic].   Accordingly, UAL is entitled to summary judgment on Bonillas' disability discrimination claims.

While Defendant's Motion for Summary Judgment was still pending, Plaintiff's counsel once more provided proof of their reckless pursuit of the disability discrimination claims.  Plaintiff's counsel offered to dismiss these claims during the pre-trial meet and confer process, but insisted on Defendant agreeing to a waiver of costs for defending against a frivolous claim.  (Thompson Decl. ¶ 15, Ex. 4)    When Defendant did not agree to a cost waiver, Plaintiff did not dismiss these claims, and the Court issued its Order Granting Defendant's Motion for Summary Judgment on August 19, 2014.  (Dkt. 145)

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

**b.    In The Alternative, The Court's Sanctions Award Should Include Fees Incurred After Plaintiff's Deposition Occurred**

An award of sanctions is warranted even if the Court were to conclude that Plaintiff's counsel did not act recklessly from the outset of this action.  Courts applying 28 U.S.C. section 1927 have explicitly held that the statute imposes "'a continuing duty upon attorneys to dismiss claims that are no longer viable.'"  *The Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (citation omitted); *see Cotterill v. City & County of San Francisco*, No. 08-2295, 2010 WL 1223146, at *7, 11, 13 (N.D. Cal. March 10, 2010) (awarding attorneys' fees when plaintiff's counsel's tactics proliferated proceeding and continuing to litigate claims after it was clear claim lacked legal and factual support).  The same rule applies to the Court's use of its inherent power.  *E.g., Lahiri*, 606 F.3d at 1222; *B.K.B.*, 276 F.3d at 1099, 1108.

Even if Plaintiff's counsel were merely negligent in conducting due diligence before filing this action, they were confronted with the utter lack of factual support for Plaintiff's disability claims no later than the date of Plaintiff's deposition, January 15, 2014.  (Thompson Decl., ¶¶ 7-8, 10)  Further, less than one month after Plaintiff's deposition, on February 6, 2014, Defendant provided Plaintiff's counsel with the report of its psychiatric expert, Dr. Rappaport, who concluded that Plaintiff never had PTSD in the first place. Plaintiff's counsel did not submit an expert report in rebuttal.  (*Id.*, ¶ 17)  Finally, on March 22, Defendant deposed one of the health care providers identified by Plaintiff, Dr. Roy Curry, whose testimony further confirmed that Plaintiff never suffered from PTSD.  (*Id.*, ¶ 18)

Thus, either from the inception of this case or, at the very latest, after Plaintiff's deposition on January 15, Plaintiff's counsel knew that the disability discrimination claims clearly lacked any merit but recklessly continued to pursue them. Indeed, they even offered to dismiss these claims on the eve of trial, but rather than simply doing so consistent with their professional obligations, they insisted on a waiver of costs as the "price" for their agreement to dismiss these wholly frivolous claims.

In sum, because Plaintiff's counsel's tactics impugn the fundamental ethical

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

standards that apply to all attorneys, the Court should award attorneys' fees against Plaintiff's counsel pursuant to 28 U.S.C. section 1927 or its inherent authority commencing with the filing of this action.[4]  Defendant respectfully requests sanctions in the amount of $164,320.84, representing fees devoted *only* to the medical issues regarding Plaintiff's claim that he had PTSD (i.e., reviewing medical records, subpoenaing and taking health care provider depositions, and expert disclosures), and one-fifth of its attorneys' fees spent defending Plaintiff's disability discrimination claim.  (Cotner Decl., ¶¶ 6-13)

In the alternative, Defendant requests sanctions in the amount of $113,100.62 for the fees it incurred after the date of Plaintiff's deposition.   That amount includes $19,984.30 in attorneys' fees incurred from January 16 through the most recent invoice (end of July 2014) for tasks clearly attributable *only* to the disability discrimination claims.  (Cotner Decl., ¶¶ 14-19)   In addition, Defendant spent $465,581.60 total in attorneys' fees since January 16, and requests only one-fifth of that amount, or $93,116.32.[5]  (*Id.* ¶ 20)

Defendant also requests $21,556 for preparing and arguing the instant motion.

**2.      Defendant Is Entitled To Its Attorneys' Fees Reasonably Incurred In Defending Against Plaintiff's Frivolous Disability Discrimination Claims.**

**a.      Under Well-Established Authority, Prevailing Defendants Are Entitled To Their Reasonable Attorneys' Fees Under The ADA And The FEHA If The Plaintiff's Claims Are "Frivolous, Unreasonable, Or Groundless."**

The ADA, like Title VII, provides that "the court in its discretion, may allow the prevailing party … a reasonable attorney's fee, including litigation expenses and costs." 42 U.S.C. § 12205.[6]  In *Christiansburg Garment Co. v. EEOC*, 434 U.S. at 422, the Supreme Court construed Title VII's parallel provision to apply to prevailing defendants upon a finding

---

[4] Defendant seeks only the lodestar amount of the fees it incurred attributable to its defense of Plaintiff's disability discrimination claims, and does not request an enhancement or multiplier as may be available under other federal or state fee-shifting statutes.

[5] Again, this amount *does not* include $9,827.10 in attorneys' fees ordered as a sanction against Plaintiff's counsel by Magistrate Judge Laporte on April 1, 2014.  (*Id.* ¶ 20)

[6] Similarly, the FEHA provides that, "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees."  CAL. GOV'T CODE § 12965(b).

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1  that plaintiff's action was "frivolous, unreasonable, or groundless," or when "the plaintiff

2  continued to litigate after it clearly became so."  Given the similarity in the statutory language,

3  the Ninth Circuit has applied the *Christiansburg Garment Co.* standard to prevailing defendant

4  attorney fee awards in ADA actions. *See Summers v. Teichart & Son, Inc.*, 127 F.3d 1150

5  (9th Cir. 1997); *Peters v. Winco Foods, Inc.*, 320 F. Supp. 2d 1035, 1037 (E.D. Cal. 2004).

6  Under this statutory basis for a fee award to a prevailing defendant, "[s]ubjective

7  bad faith is not necessary" for an award of fees: ***"[a]n action is frivolous if it lacks an***

8  ***arguable basis in law or in fact."***  *Ramirez v. Merced County*, No. 1:11-CV-531, 2013 WL

9  4780440, at *3 (E.D. Cal. Sept. 5, 2013) (emphasis added).

10  Because of the similarities between California and federal antidiscrimination

11  statutes, the same standard applies to prevailing defendants in FEHA claims.  *See Bond v.*

12  *Pulsar Video Prods.*, 50 Cal. App. 4th 918, 921, 923-25 (1996) (awarding attorneys' fees to

13  prevailing defendant after trial, even though plaintiff's claims survived summary judgment

14  motion); *Moss v. Associated Press*, 956 F. Supp. 891, 894-95 (C.D. Cal. 1996) (applying

15  *Christiansburg Garment Co.* as persuasive authority in California FEHA action and awarding

16  fees to prevailing defendant).

17  Moreover, the Court may award attorneys' fees without finding that Plaintiff's

18  entire action was frivolous.  *Saman v. Robbins*, 173 F.3d 1150, 1058 (9th Cir. 1999); *Peters,*

19  320 F. Supp. 3d 1040.  Nor does the fact that the frivolous claim arose from the same basic

20  set of facts as a non-frivolous claim preclude an award of fees for the frivolous claim.  *Tutor-*

21  *Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1064 (9th Cir. 2006).

   **b.    Defendant Is Entitled To Its Reasonable Attorneys' Fees Incurred**
22          **From The Beginning Of This Case To Defend Against Plaintiff's**
23          **Frivolous Disability Discrimination Claims.**

24  Under the *Christiansburg Garment Co.* standard, an award of fees to Defendant

25  is appropriate here.  Defendant is clearly the prevailing party, having successfully obtained

26  summary judgment on all of the claims pled by Plaintiff and, as just described, Plaintiff's

27  disability discrimination claims have been factually unsupported and groundless since their

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

inception.  Yet Plaintiff's obstinate pursuit of these claims, which in particular raised medical issues completely unrelated to his other claims, forced Defendant to incur significant and unnecessary costs.

Against the backdrop, *Peters v. Winco Foods, Inc.*, 320 F. Supp. 2d at 1037-38, is instructive.  There, the district court awarded attorneys' fees to a defendant employer in an ADA action after granting summary judgment for the defendant, finding that the vast majority of plaintiff's allegations were factually unsupported.  The *Peters* court noted that "this claim appears to fall squarely within the category of exceptional cases meriting an award of attorney's fees."  *Id.* at 1037.  Similarly, the Court here found that Plaintiff's disability discrimination claims were completely without any factual support, something Plaintiff clearly knew from the outset of his case.

Therefore, an award of attorneys' fees is both fair and appropriate.  *See Tutor-Saliba Corp.*, 452 F.3d at 1061-62 (affirming award of fees on ground the plaintiff pursued frivolous due process and other constitutional claims); *Moss*, 956 F. Supp. at 895 (concluding that plaintiff's continued pursuit of age discrimination claim in the absence of any supporting evidence warranted a fee award and fees for work spent bringing motion for fees); *Louie v. Carichoff*, No. 05-0984, 2006 WL 3349521, at *2 (E.D. Cal. Nov. 16, 2006) (affirming award of attorneys' fees in ADA case); *Saret-Cook v. Gilbert, Kelly, Browley & Jennett*, 74 Cal. App. 4th 1211, 1229-30 (1999) (affirming award of attorneys' fees under FEHA); *Gonzales v. Metpath*, 214 Cal. App. 3d 422, 426, 428 (1989) (affirming award of attorneys' fees on frivolous FEHA claim).

> **c.   In The Alternative, Defendant Is Entitled To $113,100.62 As Its Reasonable Attorneys' Fees Incurred In Defending Against Plaintiff's Disability Claims Since Plaintiff's Deposition on January 15, 2014 Plus The Cost Of Preparing This Motion**

In the alternative, Defendant requests – at a minimum – an award of its attorneys' fees spent defending Plaintiff's disability discrimination claims after Plaintiff's deposition on January 15, 2014, on the ground that Plaintiff unreasonably continued to litigate these claims even after his admissions made it plain that these claims were frivolous.  *Moss* is

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

strikingly similar.  In that case, the district court found that the plaintiff's deposition testimony established that he was aware of facts that demonstrated the absence of a *prima face* case of discrimination, thus rendering unreasonable his continued pursuit of the litigation.   The plaintiff in *Moss*, much like Plaintiff here, testified only as to a subjective "belief" that he had been discriminated against on the basis of his alleged disability, but was unable to articulate any evidence supporting that belief.  *Moss,* 956 F. Supp. at 895.  Indeed, as the Court found dispositive, Plaintiff admitted that none of the decision makers knew of his alleged disability. *See also No Barriers, Inc. v. Brinker Chili's Texas, Inc.*, 262 F.3d 496, 500 (5th Cir. 2001) (awarding attorneys' fees when plaintiff unreasonably continued to litigate claim); *Ramirez*, 2013 WL 4780440, at *8 (awarding fees as of point in time in which it was clear that ADA case had become frivolous); *M.M & E.M. v. Lafayette Sch. Dist.*, No. 09-4624, 2012 WL 3257662, at *7 (N.D. Cal. Aug. 8, 2012) (awarding attorneys' fees when plaintiff continue to litigate claim after they became frivolous).

Under this Scenario, Defendant requests of fees in the amount of 134,656.62, plus $21,556 for preparing and arguing the instant motion.

**3.      Defendant Also Seeks $13,465 In Costs Specifically Attributable To Its Defense Of Plaintiff's Disability Discrimination Claims.**

Defendant also seeks $13,465 in costs related exclusively to its defense of Plaintiff's disability discrimination claims – namely, its costs related to its psychiatric expert witness, the witness fees charged by Plaintiff's health care providers for depositions, and attorney travel expenses related to the depositions of Plaintiff's health care providers.  *Baker v. Mulholland Sec. & Patrol, Inc.*, 204 Cal. App. 4th 776, 783 (2012) (expert witness fees may be awarded to prevailing defendant in frivolous FEHA case); *Ramirez*, 2013 WL 4780440, at *11 (expert witness fees awardable upon satisfaction of *Christiansburg* standard).  These costs are not included in Defendant's Bill of Costs, but were reasonably and necessarily incurred by Defendant in its defense of Plaintiff's disability claims.  Namely, they include: (1) $1,750 for the deposition witness fee of Dr. Polner; (2) $750 for the deposition witness fee of Dr. Odsess; (3) $3,350 for the deposition witness fee of Dr. Curry; (4) $7,500 for Dr.

M<small>ILLER</small> L<small>AW</small> G<small>ROUP</small>
A PROFESSIONAL CORPORATION
CALIFORNIA

16

Rappaport, a psychiatric expert retained to rebut Plaintiff's claim of PTSD; (5) $95.00 in attorney mileage costs related to traveling to the deposition of Drs. Polner and Odsess; and, (6) $20 for parking for the deposition of Dr. Curry, for a total of $13,465. (*See* Cotner Decl., ¶ 21)   All of these costs were incurred after Plaintiff's deposition on January 15. (*Id.* ¶ 22) These costs were actually incurred by Defendant and were necessary to defend against Plaintiff's frivolous disability discrimination claims. (*Id.*)

**E.    CONCLUSION**

Plaintiff and his counsel called the tune, and it is now time for them to pay the piper.  Although Defendant acknowledges that orders imposing sanctions and awarding fees to a prevailing defendant should be made sparingly, this case is exactly the type of case where such orders are fully justified.  To deny sanctions and a fee award here would not only unfairly penalize Defendant and reward Plaintiff and his attorneys for filing and pursuing groundless claims, but it would also unduly encourage the pursuit of frivolous litigation.  For the reasons set out above, therefore, Defendant respectfully requests $199,341.84 in attorneys' fees and costs Defendant incurred related to its defense of Plaintiff's disability discrimination claims and in drafting and arguing this instant Motion.

Dated:  September 2, 2014

MILLER LAW GROUP
A Professional Corporation


By:  ___/s/ Tracy Thompson_____
     Tracy Thompson
     Attorneys for Defendant
     UNITED AIRLINES, INC.

4839-3427-5870, v.  1

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA