SMITH PATTEN
SPENCER SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
RAUL BONILLAS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL BONILLAS,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED AIR LINES, INC., and DOES 1-10,<br><br>          Defendants. | CASE NO. C 12-6574 SBA-EDL<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT UNITED AIR LINES'S BILL OF COST** |

    Plaintiff RAUL BONILLAS ("Plaintiff"), through his counsel of record, submits the following objections to Defendant United Air Lines, Inc.'s ("Defendant") Bill of Costs.

    **I.    INTRODUCTION**

    Federal Rule of Civil Procedure 54 permits the prevailing party in a litigation to collect costs other than attorney's fees against the non-prevailing party. Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 sets the allowable costs recoverable against a non-prevailing party. These costs include (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses,

(4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees and (6) compensation for court-appointed experts and interpreters.

In order for costs to be properly taxed, the requesting party must demonstrate that the cost is recoverable. The cost must be one from the itemized list under 28 U.S.C. § 1920 and must be necessarily incurred and reasonable. *ATS Prod. v. Ghiorso*, 2012 U.S. Dist. LEXIS 50372 (N.D. April 10, 2012) ("This court may only tax costs explicitly authorized by section 1920.") (citing *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177-78 (9th Cir. 1990); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987)); 28 U.S.C. § 1920.

A bill of costs "must state separately and specifically each item of taxable costs claimed." Civ. L.R. 54-1(a). A party seeking costs must provide an affidavit saying that the costs were "necessarily incurred, and are allowable by law" and "[a]ppropriate documentation to support each item claimed must be attached to the bill of costs." *ATS Prod.,* 2012 U.S. Dist. LEXIS 50372. "With regard to individual itemized costs, 'the burden is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which it is entitled.'" *City of Alameda v. Nuveen Mun. High Income Opportunity Fund,* No. C 08-4575 SI, 2012 U.S. Dist. LEXIS 7403, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012) (*quoting Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002)). Under this standard, a number of Defendant's claimed costs should be taxed as either unnecessary and/or unreasonable.

II. **LAW AND ARGUMENT**

A. **The Pacer Service Fees Defendant Seeks To Recover Are Unreasonable**

Defendant seeks $153.20 for pacer fees incurred from January 1, 2013 through June 30, 2014. (Dkt #151-1, p.2-6) Plaintiff objects to these costs as unreasonable. According to the Electronic Public Access Fee Schedule, "Parties in a case and attorneys of record receive one

free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically." In this matter, Plaintiff filed all documents electronically. Therefore, Defendant needlessly incurred additional Pacer fees and these fees were not "necessarily incurred."

<u>Total Fees of the Clerk Requested to be Excluded</u>: **<u>$153.20</u>**

**B.     The Fees for Service of Summons and Subpoena Are Unreasonable**

Defendant seeks $3,688.36 in costs for service of summons of subpoena. (Dkt #150-1 p.8-30) Local Rule 54-3(a)(2) allows recovery of service of process only where "reasonably required." Plaintiff claimed garden variety emotional distress damages in this matter. Therefore, any discovery related to Plaintiff's medical or psychology records would be needlessly incurred in this matter. The parties could have exchanged information and documents regarding Plaintiff's disability informally at the start of this litigation, thereby saving litigation costs.

Additionally, Defendant unreasonably increased its cost by serving notices to Plaintiff's counsel via First Legal Services when Defendant could have just as effectively sent these notices via regular U.S. Mail, facsimile, or electronic mail.[1] (Dkt #150-1, p. 8-9, 11, 21-22, 26.) Furthermore, Defendant also unreasonably increased its cost by serving notices on its own employees and individuals that it represented (i.e. Kevan Sklanka Shannon Wagner, and Aleda Muth). (Dkt #150-1 p. 13, 17-18, 25)  Again, Defendant could have mailed, faxed, or e-mailed these notices to these individuals instead of needlessly increasing costs. These costs were not "necessarily incurred" for this litigation.

Plaintiff requests the Court tax Defendant's "Fees for Service of Summons and Subpoena" by the following amounts:

<u>All Subpoena Charges</u>            <u>$3,688.36</u>

---

[1]   See, *Need to Serve a Subpoena? Put It in the Mail*, 9 NO. 8 FED. LITIGATOR 240 (1994)(noting that in *Doe v. Hersemann*, 155 F.R.D. 630 (N.D. Ind. 1994), the court found that a subpoena could be served by certified mail and that hand delivery is not always required).

3

      Or, in the Alternative, tax the costs for Service on Plaintiff's counsel and the parties represented by Defendant's counsel :

| | |
|---|---|
| Plaintiff's Counsel | <u>$182.73</u> |
| Defendant's Counsel's Clients | <u>$63.56</u> |

<u>Fees Requested To Be Excluded:</u>      **$3,388.36, or in the alternative, $246.29**

    **C.**    **The Transcript Costs Defendant Seeks to Recover are Unreasonable and Not Necessary to the Litigation**

Defendant seeks $21,091.90 in costs for printed or electronically produced transcripts. However, under 28 U.S.C § 1920, these costs must be necessarily incurred for use in the case. A review of Defendant's invoices shows, in several instances, costs associated with deposition transcripts that were not necessarily incurred.

    **1.**    **The Transcript Costs For Meet and Confer Conferences Are Were Not Necessarily Incurred**

Defendant seeks $5,788.50 for needlessly incurring additional costs for a court reporter to transcribe telephonic meet and confer sessions between Plaintiff's counsel and Defendant's counsel. (Dkt #150-2 p. 2-4, 10, 17, 23.) Plaintiff repeatedly objected to Plaintiff's use of a court reporter during these meet and confer sessions, which were not ordered by the court, on the basis that Defendant's counsel was needlessly increasing costs of litigation solely for Defendant's counsel's own convenience. Defendant further increased costs by ordering a rough draft of the transcripts after almost every meet and confer session and ordering expedited transcripts. These costs were needlessly incurred.

Plaintiff requests the Court tax Defendant's costs for "Fees for Printed or Electronically Recorded Transcripts" by the following amounts:

| | |
|---|---|
| All Meet and Confer Transcripts | $5,788.50 |

Or, in the alternative, for Rough Drafts and Expedited Transcripts

| | |
|---|---|
| Drafts / Rush Transcripts | $2,250.25 |

### 2. Defendant's Rough Draft Costs Are Not Reasonable

Defendant incurred costs for requesting expedited rough drafts copies of the transcripts from the depositions of Shannon Wagner (Dkt #150-2 p. 8), Plaintiff (Dkt #150-2 p. 11-12), Ken Holder (Dkt #150-2 p. 13), Anhvu Ly (Dkt #150-2 p. 15), Carol Odsess (Dkt #150-2 p. 18), and Portia Polner (Dkt #150-2 p. 18) in the amount of $994.50 These costs were incurred solely for the convenience of Defendant's counsel and were not "necessarily incurred."

Plaintiff requests the Court tax Defendant's costs for "Fees for Printed or Electronically Recorded Transcripts" by the following amounts:

| | |
|---|---|
| Rough Drafts | $994.50 |

### 3. Defendant's Costs for Expediting Transcripts Are Not Reasonable

Defendant incurred costs for expediting the transcripts of Shannon Wagner, Plaintiff, Ken Holder, Anhvu Ly, Carol Odsess, and Portia Polner. The expedited fee for deposition transcript for Anhvu Ly was $351.50. The supporting documentation for Plaintiff, Wagner, Holder, Odsess, and Polner fails to separate the transcript fee from the expedited fee. Case law clearly states that the seeking party, Defendant in this case, has the burden to not only produce an individualized itemized costs, but proper documentation for each item claimed. *City of Alameda,* 2012 U.S. Dist. LEXIS 7403 at *1. Defendant has failed to provide sufficient documentation to support these costs.

Alternatively, the Court should tax the expedited transcript costs by the same percentage as the expedited transcript fee for Ahnvu Ly's transcript to the total transcript cost, which was fifty percent.

Furthermore, the deposition of Anhvu Ly contains a "handling" charge. (Dkt #150-2 p. 15). Handling fees are not recoverable costs. *See Avila v. Willits Env't*, 2009 U.S. Dist. LEXIS 130416 (N.D. Cal. Nov. 23, 2009) ("the taxed costs improperly included fees for regular shipping *and* handling of deposition transcripts") (emphasis added).\

Accordingly, Plaintiff requests the Court tax Defendant's costs for "Fees for Printed or Electronically Recorded Transcripts" by the following amounts:

| | |
|---|---|
| Handling Charge | <u>$25</u> |
| Expedited Fee Ahnvu Ly Transcript | <u>$351.50</u> |
| Total Cost for Expedited Transcripts | <u>$7,344.25</u> |

Or, in the alternative, 50% of the Expedited Transcript costs

| | |
|---|---|
| 50% Cost for Expedited Transcripts | <u>$3,672.13</u> |

<u>Amount Requested to be Excluded:</u>    **$7,720.75, or in the alternative, $4,048.63**

**4.    Video Depositions Were Not Necessary In This Matter**

Plaintiff further objects to the costs for videotaping the depositions in this matter. (Dkt #150-2 p. 6-8, 16, 20) This case did not involve personal injuries or other matters where it is necessary to videotape witnesses. While it is true that videotaped testimony may be helpful to show to a jury, it is clear from Defendant's Motion for Attorneys' Fees (Dkt #149) that Defendant allegedly believed this matter to be frivolous and unlikely to go before a jury. These costs were

6

OBJECTIONS TO BILL OF COSTS                                CASE NO.   C 12-6574 SBA-EDL

unnecessarily incurred by Defendant to increase the costs of litigation and for its own convenience.

Plaintiff requests the Court tax Defendant's costs for "Fees for Printed or Electronically Recorded Transcripts" by the following amounts:

| | |
|---|---|
| Fees for Videographer | $2,505 |
| Videotaped Deposition of Shannon Wagner | $1,281 |
| Amount Requested to be Excluded: | **$3,786** |

### D. Printing Fees Are Not Supported By Sufficient Documentation

Defendant seeks $479.59 for fees incurred for disbursement and printing. Civil Local Rule 54-3 provides that "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." Civ. L.R. 54-3(d)(2) (emphasis added). The accompanying invoice does not contain any additional information that would indicate these costs related either to disclosure or formal discovery. (Dkt #150-2, p. 26) Furthermore, the invoice suspiciously contains no information that these costs were incurred for this matter, other than a handwritten note that states "Bonillas." Local Rule 54-1(a) requires "appropriate documentation to support each item claimed." Defendant has the burden to not only produce proper documentation for each item claimed. *City of Alameda*, No. C 08-4575 SI, 2012 U.S. Dist. LEXIS 7403 at *1. This invoice is insufficient to support this cost.

Plaintiff requests the Court tax Defendant's "Fees for disbursement for printing" by the following amounts:

| | |
|---|---|
| Fees for Printing | $479.59 |

### E. Subsistence Claimed for Witness Kenneth Holder Is Unreasonable

Defendant seeks $738.80 for "subsistence" for witness Kenneth Holder Defendant has submitted a hotel bill which includes three nights and laundry fees for a total of $545.79, various receipts for restaurants (one of which includes two entrees), a car rental receipt for a premium SUV automobile, and a parking garage receipt. (Dkt #150-2, p. 31-35).

Defendant sought additional costs by bringing Mr. Holder to San Francisco for deposition when his deposition had not been noticed and without prior agreement between the parties. Therefore these costs for a three day vacation in San Francisco are unreasonable.

Plaintiff requests that the Court tax Defendant's costs for "Fees for Witnesses" by the following amount:

  Subsistence Ken Holder    $738.80

### F. The Costs for Exemplifications Were Not Necessary

Defendant seeks $710.97 in costs for copies of subpoenaed documents. (Dkt #150-2 p.37-46) As stated above, the parties could have exchanged the information and documents which were subpoenaed informally at the start of this litigation, thereby saving litigation costs. This cost was not necessarily incurred and should be taxed.

Plaintiff requests the Court tax Defendant's costs for "Exemplifications" by the following amounts:

  Copies of Subpoenaed Documents    $710.97

### G. Defendant's Other Costs Are Unnecessary

Defendant seeks an additional $36,144.85 in "other costs." The vast majority of these costs are unreasonable, not authorized by 28 U.S.C. § 1920 and should be excluded.

### 1. Costs For Sending Documents to Plaintiff's Counsel

Defendant seeks $429.45 in costs for sending various documents to Plaintiff's counsel via UPS or First Legal Services. (Dkt #150-3) These costs were unnecessary and not authorized under the law. Defendant should have sent these documents via U.S. Mail, facsimile, or electronic mail.

### 2. Costs for Sending Documents to Third Parties

Defendant seeks $72.18 in costs for sending various letters to third parties. (Dkt #150-3) Again, there no is justification for sending these documents via next day air and these costs are not warranted by 28 U.S.C. § 1920.

### 3. Costs for Discovery Services

Defendant seeks $33,879.38 in costs related to "Blackstone Discovery." (Dkt #150-3 p. 16-25, 27-31, 37, 44, 55, 58, 68, 70.) Defendant also unreasonably seeks an additional $303.63 in costs for TERIS. (Dkt #150-3 p. 2)

Here, *Zubulake v. UBS Warburg LLC,* 217 F.R.D. 309, 324 (S.D.N.Y. 2003) is instructive. The court in *Zubulake v. UBS Warburg* explained a three-step process for analyzing the scope and cost of electronic discovery. The court explained:

> *First*, it is necessary to thoroughly understand the responding party's computer system, both with respect to active and stored data. For data that is kept in an accessible format, the usual rules of discovery apply: the responding party should pay the costs of producing responsive data. A court should consider cost-shifting *only* when electronic data is relatively inaccessible, such as in backup tapes.
>
> *Second*, because the cost-shifting analysis is so fact-intensive, it is necessary to determine what data may be found on the inaccessible media. Requiring the responding party to restore and produce responsive documents from a small sample of the requested backup tapes is a sensible approach in most cases.
>
> *Third*, and finally, in conducting the cost-shifting analysis, the following factors should be considered, weighted more-or-less in the following order:
>     1. The extent to which the request is specifically tailored to discover relevant information;
>     2. The availability of such information from other sources;
>     3. The total cost of production, compared to the amount in controversy;

> 4. The total cost of production, compared to the resources available to each party;
> 5. The relative ability of each party to control costs and its incentive to do so;
> 6. The importance of the issues at stake in the litigation; and
> 7. The relative benefits to the parties of obtaining the information.

*Id.* at 324. To now demand over $34,000 related to electronic discovery at the back end of this litigation is unreasonable and not allowable under 28 U.S.C. § 1920. If these costs were indeed necessary, Defendant should have sought a protective order from the court. Defendant needlessly increased costs of litigation by utilizing this discovery service. Furthermore, prior to incurring these costs, Defendant should have apprised Plaintiff of these high costs. Therefore, the Court should exclude these costs.

### 4. Costs for Cancellation Fees for Meet and Confer Sessions

Lastly, seeking $500.00 for reporter cancellation fees is unreasonable. (Dkt #150-3 p. 38, 51) As described above, Defendant unreasonably created additional costs by using a court reporter to document the parties' meet and confer sessions solely for its own convenience.

Plaintiff requests the Court tax Defendant's Other costs by the following amounts:

| | |
|---|---|
| Documents sent to Plaintiff's counsel | $429.45 |
| Documents sent to Third Parties | $72.18 |
| Blackstone Discovery | $33,879.38 |
| TERIS | $303.63 |
| Reporter's Cancellation Fees | $500.00 |
| **Total Amount Requested to be Excluded from Other Costs:** | **$35,184.64** |

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests the Court reduce Defendant's recovery in the following:

Fees of the Clerk from $153.20 …........................................to $0.00

Fees for Service of Summons and Subpoena

    from $3,688.36............................................. to $3,442.07 or $0.00

Fees for printed or electronically recorded transcripts necessarily obtained

    from $21,091.90 …........................................to $10,057.60 or $2,802.15

Fees and disbursements for printing

    from $479.59 …............................................to $0.00

Fees for witnesses from $1,024.31…......................................to $285.51

Fees for exemplification and the costs of making copies

    from $719.97 …............................................to $0.00

Other costs  from $63,302.18 …............................................to $959.71

Respectfully submitted  September 16, 2014    SMITH PATTEN

     /s/  Dow W. Patten
Dow W. Patten
Attorneys for Plaintiff
RAUL BONILLAS