EXHIBIT "A"

# SMITH
# PATTEN

353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-0104
www.smithpatten.com

*VIA FACSIMILE NO. 415-464-4336*

September 16, 2014

Tracy Thompson, Esq.
Jennifer Cotner, Esq.
MILLER LAW GROUP
111 Sutter Street, Suite 700
San Francisco, CA 94104

    Re:   *Bonillas v. United Air Lines, Inc.*
           U.S.D.C. Case No. 34:12-cv-06574-SBA

Dear Ms. Thompson and Ms. Cotner:

    My office has reviewed Defendant's bill of costs and has found that the vast majority of Defendant's costs were not necessarily incurred and are unreasonable. As such, we will be filing objections to Defendant's Bill of Costs requesting the court to tax Defendant's costs unless Defendant will withdraw its current Bill of Costs and file a revised Bill of Costs, **reduced by the following amounts:**

    **Fees of the Clerk – $153.20**

    Defendant seeks $153.20 for pacer fees. Parties in a case and attorneys of record receive one free electronic copy of all documents filed electronically. These fees were, therefore, not necessarily incurred and are unreasonable.

    **Fees for Service of Summons and Subpoenas – $3,688.36**

    Defendant unreasonably increased costs of litigation by serving notices to Plaintiff's counsel and to its own employees and individuals that it represented via First Legal Services. Defendant could have effectively sent these notices via less costly methods. Furthermore, Plaintiff only claimed garden variety emotional distress damages, any discovery related to Plaintiff's medical or psychological records was unreasonable in this matter. The parties could have exchanged this information and

documentation regarding Plaintiff's disability informally at the start of this litigation.

### Fees for Transcripts - $17,658.75

Defendant seeks $5,788.50 needlessly incurring additional costs for a court reporter to transcribe meet and confer sessions between Plaintiff's counsel and Defendant's counsel. Plaintiff repeatedly objected to Plaintiff's use of a court reporter during these meet and confer sessions on the basis that Defendant's counsel was needlessly increasing costs of litigation for Defendant's counsel's own convenience.

This case did not require videotaped depositions and these depositions were required purely for Defendant's convenience. Defendant should not recover costs related to videotaping these depositions in the amount of $3,180. Furthermore, Defendant needlessly increased costs by requesting rushed rough draft copies ($994.50). Defendant also expedited transcripts for its own convenience. Defendant's records are insufficient to determine which fees were incurred for expediting transcripts for Plaintiff, Shannon Wagner, Ken Holder, Carol Odsess, and Portia Polner, as such Defendant should not recover these transcript costs which were needlessly expedited. ($7,695.75)

### Fees for Disbursement for Printing - $479.59

Defendant seeks $479.59 for printing fees. Defendant failed to submit sufficient documentation to support this cost.

### Fees for Witnesses - $738.80

Plaintiff objects to the Subsistence costs associated with witness Kenneth Holder. Defendant sought additional costs by bringing Mr. Holder to San Francisco for deposition when his deposition had not been noticed and without prior agreement between the parties. This cost is unreasonable.

### Fees for Copies of Subpoenaed Documents - $719.97

As stated above, the parties could have exchanged the information and documents which were subpoenaed informally at the start of this litigation, thereby saving litigation costs. This cost was not necessarily incurred.

### Other Costs - $35,184.64

Defendant seeks $429.45 in costs for sending various documents to Plaintiff's counsel via UPS or First Legal Services. These costs were unnecessary as Defendant should have sent these documents via U.S. Mail, facsimile, or electronic mail.

Defendant seeks $72.18 in costs for sending various letters to third parties. Again, there no is justification for sending these documents via next day air.

Defendant seeks $33,879.38 in costs related to "Blackstone Discovery." Defendant also unreasonably seeks an additional $303.63 in costs for TERIS. If these costs were indeed necessary, Defendant should have sought a protective order from the court. Defendant needlessly increased costs

of litigation by utilizing this discovery service.

Lastly, seeking $500.00 for reporter cancellation fees is unreasonable. As described above, Defendant unreasonably created additional costs by using a court reporter to document the parties' meet and confer sessions solely for its own convenience.

Please confirm whether Defendant will ***withdraw its current Bill of Costs and file a revised Bill of Costs in the amount of $4,678.87 by the close of business today.*** If Defendant will not withdraw its Bill of Costs, Plaintiff will file objections and request the court tax Defendant's costs in the above amounts.


Very truly yours,

Dow W. Patten

TRANSMISSION VERIFICATION REPORT

```
                                        TIME    : 09/16/2014 11:38
                                        NAME    : SMITH PATTEN
                                        FAX     : 4155200104
                                        TEL     : 4154020084
                                        SER.#   : U62702J1N925790
```

```
DATE,TIME            09/16  11:38
FAX NO./NAME         141546443336
DURATION             00:00:00
PAGE(S)              00
RESULT               BUSY
MODE                 STANDARD
```

BUSY: BUSY/NO RESPONSE

```
                    TRANSMISSION VERIFICATION REPORT

                                            TIME   : 09/16/2014 11:40
                                            NAME   : SMITH PATTEN
                                            FAX    : 4155200104
                                            TEL    : 4154020084
                                            SER.#  : U62702J1N925790


    DATE,TIME                       09/16 11:39
    FAX NO./NAME                    14154644336
    DURATION                        00:00:29
    PAGE(S)                         03
    RESULT                          OK
    MODE                            STANDARD
                                    ECM
```

EXHIBIT "B"

Tracy Thompson <tt@millerlawgroup.com>                                          Tue, Sep 16, 2014 at 4:40 PM
To: "dow@smithpatten.com" <dow@smithpatten.com>, "spencer@smithpatten.com" <spencer@smithpatten.com>
Cc: Michael Cole <mmc@millerlawgroup.com>, "Cherie A. Milojevich-Moore" <CMoore@millerlawgroup.com>

Counsel, I have just now had a chance to read the letter you faxed today at 11:40 a.m. In that letter, you raise a number of issues with regard to Defendant's bill of costs. Inasmuch as your objections must be filed today, your letter does not appear to reflect a good faith attempt to meet and confer, and we submit does not comply with the requirements of Local Rule 54-2. You had two weeks to meet and confer over these issues, yet you made no attempt to do so until a few hours ago. As I was out of the office earlier and in various meetings, I did not even have a chance to read it until now. It is impossible for me to meaningfully respond to any of the issues raised in your letter at this late hour. At this point, all we can do is advise you that we do not believe any of your objections are well founded, based on the information you have provided. Please advise the Court of our position that you have not engaged in a good faith meet and confer as required. Thank you. Tracy

**Tracy Thompson**

Miller Law Group

111 Sutter Street, Suite 700

San Francisco, California 94104

Telephone: 415.464.4300

Direct: 415.262.8332

Facsimile: 415.464.4336

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the addressee(s) named herein and may contain confidential information, legally privileged information and attorney-client work product. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any of any email and printout thereof.

IRS CIRCULAR 230 NOTICE: Any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for (a) the purpose of avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

EXHIBIT "C"

# SMITH
# PATTEN

353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-6950
www.smithpatten.com

*VIA FACSIMILE (415) 464-4336*

September 12, 2014

Tracy Thompson
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104

    Re:   *Bonillas v. United Air Lines, Inc.*, U. S. D. C. Case No. 4:12-cv-06574-SBA

Dear Ms. Thompson:

    This follows my voicemail that I just left you. You sent an email at 4:40 p.m., and I called your direct dial within five minutes, but you did not pick up. I asked you to give me a call at the office. So far, you haven't returned the call.

    Your email of this afternoon is pretty conclusory, does not address any of the specific items we questioned and our discussion of those items. Since you did not respond substantively, to the specific questions we had about the bill of costs, I can only assume that you don't wish to discuss them. As always, feel free to return my call if you have anything to add, otherwise, we will have to go ahead and file our objections to the bill of costs.

Very truly yours,

Dow W. Patten

1

TRANSMISSION VERIFICATION REPORT

```
                                    TIME   : 09/16/2014 17:07
                                    NAME   : SMITH PATTEN
                                    FAX    : 4155200104
                                    TEL    : 4154020084
                                    SER.#  : U62702J1N925790
```

```
DATE,TIME                  09/16  17:07
FAX NO./NAME               4644336
DURATION                   00:00:15
PAGE(S)                    01
RESULT                     OK
MODE                       STANDARD
                           ECM
```