Tracy Thompson (SBN 88173)
  tt@millerlawgroup.com
M. Michael Cole (SBN 235538)
  mmc@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL BONILLAS, an individual, | Case No.: 4:12-cv-06574-SBA (EDL) |
| Plaintiff, | |
| v. | **FURTHER DECLARATION OF M. MICHAEL COLE REGARDING ESI RELATED COSTS** |
| UNITED AIR LINES, INC. and DOES 1 through 10, inclusive, | Complaint filed: December 31, 2012 |
| Defendants. | |

I, M. Michael Cole, declare:

1. I am an attorney licensed to practice law in California and an attorney at Miller Law Group, Professional Corporation, counsel for Defendant UNITED AIRLINES, INC., in this action. I make this declaration based on personal knowledge. If called as a witness, I could and would testify competently to the following.

2. On December 19, 2014, this Court entered an order directing Defendant to submit a further declaration supporting its claimed e-discovery costs. *See* Docket No. 182. Specifically, the Court directed Defendant to explain to what extent the ESI which was extracted and converted was otherwise not useable or searchable in its native format; to provide further information regarding the costs associated with the creation of load files; and to confirm whether the processing costs which it seeks were processing costs that were applied to all files or to a subset of files that had been culled for production. I submit this declaration per the Court's order.

3. With respect to the necessity of extracting and processing the ESI in this matter, it is important to keep in mind the numerous discussions the parties engaged in regarding the production of ESI in this case. These discussions are set forth in detail in Defendant's Opposition to Plaintiff's Motion for Review of Taxation of Costs. *See* Docket No. 168. As noted by Defendant in its opposition, from the outset of this case, Plaintiff insisted that extensive ESI discovery would be involved. Accordingly, the parties engaged in numerous meet and confer discussions in person, over the telephone, and in writing, regarding the collection and production of ESI over a period of several months. In the course of the written meet and confer process, Plaintiff questioned Defendant as to what ESI systems were searched, which custodians were searched, and what searches were performed. *See* Docket No. 168 (Thompson Decl., ¶ 19, Ex. B). When the parties met and conferred again (telephonically), Plaintiff again raised the topic of ESI discovery, and inquired

about the extent to which emails and other electronic systems had been searched. *See* Docket No. 168 (Thompson Decl., ¶ 20, Ex. C).

4. Following that telephonic meet and confer, in a lengthy cover letter enclosing amended discovery responses, counsel for Defendant explained Defendant's ESI systems in detail, and proposed terms for conducting a search of the emails of relevant custodians. A follow-up letter was sent on August 7, 2013, before Defendant engaged an ESI vendor. *See* Docket No. 168 (Thompson Decl., ¶ 21, Exs. D, E). Plaintiff never once told Defendant that he had lost interest in a further ESI production or that Defendant should cease in its efforts to provide Plaintiff with the ESI that he had been demanding since early in the case. Accordingly, in an effort to comply with Plaintiff's requests, Defendant proceeded to retain Blackstone Discovery ("Blackstone") to assist in its ESI production. *See* Docket No. 168 (Thompson Decl., ¶ 22).

5. The parties again discussed the production of ESI at a November 4, 2014, in person meet and confer. Defendant noted during this meet and confer that it had engaged an outside vendor, and had had search conducted of various custodians' emails, using the search terms Defendant originally proposed. *See* Docket No. 168 (Thompson Decl., ¶ 23, Ex. F). Plaintiff responded "[t]hat's fine", and simply requested that Defendant inform Plaintiff of the search terms used so that the process was transparent. *See* Docket No. 168 (Thompson Decl., ¶ 23, Ex. F). The parties later agreed to exchange all ESI on or before the close of business on November 17, 2013, the day before Thanksgiving. *See* Docket No. 168 (Thompson Decl., ¶ 24).

6. It is clear from the record that Plaintiff and Defendant had many discussions regarding the production of ESI in this case. More specifically, it is clear that Plaintiff demanded that Defendant conduct an extensive search for responsive ESI, that Defendant agreed to accommodate this request with Plaintiff's full knowledge, and that

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1  Defendant thereafter searched the relevant ESI for responsive documents.  Plaintiff's attempt
2  to evade the consequences of his actions by claiming now that the parties never "agreed" to a
3  particular format of the ESI production is disingenuous at best.

4

5         7.     The ESI that Defendant searched (with Plaintiff's knowledge and tacit
6  agreement) came from ten different custodians.  In total, there were nearly 270 gigabytes of
7  ESI that were initially imported and extracted by Blackstone.  Blackstone has informed
8  Defendant that each gigabyte of data roughly equates to 10,000 pages of documents.
9  Moreover, the ESI consisted of various files and file formats, including word documents,
10  PowerPoints, PDFs, JPEG images, emails, system files, etc.

11

12         8.     As an initial matter, given the sheer volume of ESI and the number of
13  documents, it would not have been practicable for Defendant to have physically reviewed
14  each and every document, as to do so would have required Defendant's attorneys to spend
15  significant time opening each and every file and then reviewing them for responsiveness.
16  Likewise, it was not practicable for Defendant to have searched these documents
17  electronically in their native format.  Just as an example, PDFs in the source material
18  contained text that was not searchable in its native format.  Likewise, JPEG images in the
19  source material also contained associated text that, if not imported and extracted, could also
20  not be searched and then produced.  All of these files had to be imported and then extracted
21  and made searchable by Blackstone.  Accordingly, Defendant respectfully submits that it is
22  entitled to recover the entirety of the costs associated with importing and extracting the ESI in
23  this case in the amount of $ $9,479.40.  *See* Docket No. 176 (Declaration of M. Michael Cole
24  Regarding ESI Related Costs).

25

26         9.     With respect to the creation of "load files," Blackstone has informed
27  Defendant that those portions of the invoices that refer to "Final processing and export,"
28  "Export" and "Relativity Load" refer to the creation of a load file that was then exported into a

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

review database.  *See* Docket No. 176 (Exhibit A, Invoice #PA321020, #PA321127, #PA321171, #PA321177).  The load file created by Blackstone electronically separates documents, noting the beginning and ending of documents and the relationship between documents, i.e., whether they are part of the same family, are attachments, or are otherwise related to one another.  Blackstone has informed Defendant that these costs are not costs associated with the actual loading of files into the review database.

10. Finally, regarding the "processing costs" associated with the creation of the load files, this was not done on all the source ESI material.  Rather, processing was only conducted on those files that were culled and filtered following the application of search terms.  In other words, the chargeable work associated with the load files is limited to a subset of documents that was filtered by Blackstone.  It was this subset of documents that Defendant reviewed and tagged for production, with Blackstone assisting with the production of the documents, including the conversion of the documents into searchable PDFs, bates-numbering of the production set, and the loading of the final production onto a secure FTP site for download by Defendant.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 5th day of January, 2015, at West Palm Beach, Florida.


/s/ M. Michael Cole
M. Michael Cole

4823-1608-0673, v. 1