IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL BONILLAS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED AIR LINES INC.,<br><br>    Defendant.<br>_____/ | No. C -12-06574 SBA (EDL)<br><br>**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION REGARDING POSTING ON PLAINTIFF'S COUNSEL'S WEBSITE** |

## I. Introduction

This is an employment discrimination case brought by Plaintiff Raul Bonillas against Defendant United Airlines for race and disability discrimination and retaliation. The case was assigned to Judge Armstrong and referred to this Court for discovery. On August 19, 2014, Judge Armstrong granted Defendant's Motion for Summary Judgment and entered Judgment in favor of Defendant. See Dkt. No. 145. Plaintiff has appealed Judge Armstrong's decision to the Ninth Circuit. See Dkt. No. 147. Almost four months after judgment, on December 5, 2015, Defendant filed a "Motion for Administrative Relief Regarding Posting on Plaintiff's Counsel's Website," seeking an order directing Plaintiff's counsel to remove a statement concerning this case from its website. Dkt. #177. Judge Armstrong denied the motion as procedurally improper, noting that it was also unclear whether she had jurisdiction to consider the request, and required that any properly noticed motion be referred to this Court for a Report and Recommendation. Dkt. # 178. Defendant re-filed this "Motion Regarding Posting on Plaintiff's Counsel's Website." Because this matter is appropriate for decision without oral argument, the January 27, 2015 hearing is vacated. For the following reasons, the Court recommends that the motion be DENIED.

## II. Background

It is undisputed that Plaintiff's counsel's website contains the following statement: "Bonillas v. United Airlines, Inc., ND Ca Case No. 12-06574: Plaintiff who was demoted from his Supervisor position is promoted to Supervisor of Airframe Overhaul after Smith Patten files lawsuit on his behalf." See Declaration of Tracy Thompson ("Thompson Decl.") Ex. A. Defendant argues that this statement is false and misleading in violation of California Rule of Professional Responsibility 1-400[1] because it creates the impression that Plaintiff's counsel's law firm, Smith Patten, was successful in prosecuting this action and that Plaintiff was promoted due to Smith Patten's efforts, when in fact summary judgment was granted in Defendant's favor. Defendant contends that this Court has the inherent power to address the conduct of counsel who appear before it and should require Smith Patten to remove the statement from its website. Smith Patten opposes the motion on grounds that this Court lacks post-judgment jurisdiction to order an injunction relating to its website, the statement is literally true, and its removal would offend its First Amendment rights.

## III. Discussion

According to Defendant, although judgment has been entered and an appeal is pending, this Court has jurisdiction to consider its motion because the Court retains jurisdiction over "collateral" issues such as this. "It is well established that a federal court may consider collateral issues after an action is no longer pending." Cooter & Gell v.. Hartmarx Corp., 496 U.S. 384, 395 (1990) (listing cost and fee motions as well as criminal contempt charges as examples of collateral issues). See also Natural Res. Def. Council, Inc. v. Sw. Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001) (once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed but retains jurisdiction to act to preserve the status quo); United States ex rel Shutt v. Cmty. Home & Health Care Servs., Inc., 550 F.3d 764, 766 (9th Cir. 2008) (factual issues are "collateral to the main action" when they involve a "factual inquiry distinct from one addressing the merits").

The issue of whether certain statements on Plaintiff's counsel's website violate the Rules of

---

[1] California Rule of Professional Responsibility 1-400(D) prevents attorneys from making communications that, among other things: "1) Contain any untrue statement; or (2) Contain any matter, or present or arrange any matter in a manner or format which is false, deceptive, or which tends to confuse, deceive, or mislead the public; or (3) Omit to state any fact necessary to make the statements made, in the light of circumstances under which they are made, not misleading to the public."

2

Professional Responsibility is distinct from the merits issues relating to employment discrimination currently on appeal. This Court has the inherent power to address the conduct of attorneys practicing before it when appropriate. See Dizon v. Wells Fargo, Case No. 12-cv-04623 SC, 2013 WL 978191, *2 (N.D. Cal. March 12, 2013) ("Federal courts have the power to impose silence, respect, and decorum in their presence, and submission to their lawful mandates"). However, this dispute over the content of Plaintiff's counsel's website is very different from the usual kinds of collateral issues such as costs and fees over which district courts assert post-judgment jurisdiction, so it is unclear whether this Court has jurisdiction. Instead, this dispute relating to an alleged violation of the California Rules of Professional Responsibility would be suitable for presentation to the California State Bar or could be brought as a separate action for injunctive relief against Smith Patton in state court. Even if the Court has jurisdiction, this Court recommends that the District Court decline to exercise jurisdiction over such a distantly related collateral dispute. See Moore v. Telfon Commc'ns Corp., 589 F.2d 959, 967 (9th Cir. 1978) (no abuse of discretion for trial court to refuse to consider a collateral dispute between a party and attorney over whether to require payment of fees as condition of allowing attorney withdrawal because this was essentially a new lawsuit relating to fees); Finch v. Schneider Nat'l Carriers, Inc., 910 F. Supp. 280 (N.D. Ill. 1995) (no abuse of discretion for district court "to refuse to hear the collateral disputes between the lawyers, remitting them instead to independent actions in courts of competent jurisdiction").

Because the Court recommends that the District Court decline to exercise jurisdiction over this dispute even if it has jurisdiction, it need not determine whether the statement on Smith Patten's website is actually misleading or deceptive in violation of California Rule of Professional Responsibility 1-400(D).

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO RECOMMENDED.**

Dated: January 12, 2015

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

4