SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
RAUL BONILLAS

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL BONILLAS, | Case No.: 4:12-cv-06574-SBA |
| Plaintiff, | |
| vs. | **PLAINTIFF RAUL BONILLAS'S OBJECTIONS TO REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS** |
| UNITED AIR LINES INC., | |
| Defendant. | |

Plaintiff Raul Bonillas ("Plaintiff" or "Bonillas"), by and through his counsel of record, submits the following objections to the Report and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Review of Clerk's Taxation Of Costs (Dkt. # 192), pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Civil Local Rule 72-3.

## I. INTRODUCTION

This appeal primarily concerns the $6,380.37 in specific costs for electronically stored information ("ESI") that were never expressly disclosed or disputed by Defendant United Air Lines Inc. ("Defendant" or "United") until its Bill of Costs. (Dkt. # 150) Further, an apparent typographical error increased the cost award by $4,000.00. Accordingly, the Court should reduce the current cost award of $27,492.91 to $17,110.54.

As a civil rights Plaintiff with limited resources, the Court should review any award of costs against Mr. Bonillas carefully.   "[T]he traditional presumption that parties pay their costs is meant to protect plaintiffs with meritorious claims from being priced out of the discovery system.  Individual plaintiffs in employment discrimination suits, making up a large portion of cost-shifting cases, typically are far poorer than the corporate defendants; liberalized cost shifting would exacerbate this disadvantage." Vlad Vainberg, *When Should Discovery Come with a Bill? Assessing Cost Shifting For Electronic Discovery*, U. Pa. L. Rev. 1523, 1568-69 (2010). Permitting an award of costs, especially the poorly-documented ESI costs here,  would create poor precedent and would have a chilling effect upon individual civil rights plaintiffs.

## II.      LAW & ARGUMENT

### A.      RELEVANT STANDARD

Fed. R. Civ. P. 54 permits the prevailing party in a litigation to collect costs other than attorney's fees against the non-prevailing party.  Fed. R. Civ. P. 54(d)(1).  The allowable costs recoverable against a non-prevailing party include (1) fees of the clerk and marshal; (2) fees for transcripts; (3) witness fees and expenses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation for court-appointed experts and interpreters.  28 U.S.C. § 1920.

In order for costs to be properly taxed, the requesting party must demonstrate that the cost is recoverable.  The cost must be one from the itemized list under 28 U.S.C. § 1920 and must be necessarily incurred and reasonable.  *ATS Prod. v. Ghiorso*, 2012 U.S. Dist. LEXIS 50372 (N.D. April 10, 2012) ("This court may only tax costs explicitly authorized by section 1920.") (citing *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177-78 (9th Cir. 1990); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987)); 28 U.S.C. § 1920.

A bill of costs "must state separately and specifically each item of taxable costs claimed." Civ. L.R. 54-1(a).  A party seeking costs must provide an affidavit saying that the costs were "necessarily incurred, and are allowable by law" and "[a]ppropriate documentation to support each item claimed must be attached to the bill of costs."  *ATS Prod.,* 2012 U.S. Dist. LEXIS 50372.  "With regard to individual itemized costs, 'the burden is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which it is entitled.'"  *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575 SI, 2012 U.S. Dist. LEXIS 7403, 2012 WL 177566, *1 (N.D. Cal. Jan. 23, 2012) (*quoting Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002)).

**B.**    **THE COURT MUST DISALLOW THE SPECIFIC AND SUBSTANTIAL ESI COSTS THAT WERE NEVER EXPRESSLY DISCLOSED TO PLAINTIFF DURING LITIGATION.**

Defendant initially sought $36,144.85 in "Other Costs" (Dkt. # 150), which the Clerk reduced to $34,124.01.  (Dkt. # 161).  Plaintiff presently disputes the sum of $10,380.37 subsequently recommended by the Court for ESI costs.  (*See* Dkt. # 192, 14:3-4; 14:9-10; 14:24-25; 15:3-4; 15:16-17; 15:23-24; 16:2; 16:7; 16:9-12).  Defendant never met and conferred with Plaintiff specifically regarding ESI cost.  Defendant never filed for a protective order to avoid cost relating to ESI discovery.

Further, any generalized concerns about the parameters of ESI production do not meet the articulated requirements of this District's "Checklist for Rule 26(f) Meet and Confer Regarding Electronically Store Information" or *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 324 (S.D.N.Y. 2003), which outlined a three-step process for analyzing the scope and cost of electronic discovery:

> *First*, it is necessary to thoroughly understand the responding party's computer system, both with respect to active and stored data. For data that is kept in an accessible format, the usual rules of discovery apply: the responding party should

pay the costs of producing responsive data. A court should consider cost-shifting *only* when electronic data is relatively inaccessible, such as in backup tapes.

*Second*, because the cost-shifting analysis is so fact-intensive, it is necessary to determine what data may be found on the inaccessible media. Requiring the responding party to restore and produce responsive documents from a small sample of the requested backup tapes is a sensible approach in most cases.

*Third*, and finally, in conducting the cost-shifting analysis, the following factors should be considered, weighted more-or-less in the following order:

> 1. The extent to which the request is specifically tailored to discover relevant information;
> 2. The availability of such information from other sources;
> 3. The total cost of production, compared to the amount in controversy;
> 4. The total cost of production, compared to the resources available to each party;
> 5. The relative ability of each party to control costs and its incentive to do so;
> 6. The importance of the issues at stake in the litigation; and
> 7. The relative benefits to the parties of obtaining the information.

*Id*. The Ninth Circuit has held that 28 U.S.C. § 1920(4) does not extend to the "intellectual effort" involved in the production of documents, only the physical preparation and duplication of documents. *Romero v. City of Pomona*, 883 F.2d 1418, 1427-28 (9th Cir. 1989) (overruled on other grounds).

Courts in this District have specifically denied cost awards for "organizing, searching, and analyzing [of] discovery documents" and *Romero* rendered these "intellectual effort" costs non-taxable. *Oracle Am., Inc. v. Google Inc*., 2012 WL 3822129, *3 (N.D. Cal. Sept. 4, 2012); *see also Gabriel Techs. Corp. v. Qualcomm Inc.*, 2010 WL 3718848, *10-11 (September 20, 2010) (denying motion for a bond to tax $1.5 million in e-discovery consultant fees because the work was intellectual effort and not "the physical preparation and duplication of documents"); *Computer Cache Coherency Corp. v. Intel Corp.*, 2009 WL 5114002, *4 (N.D. Cal Dec. 18, 2009) (awarding less than 50% of requested e-discovery costs because OCR and metadata extraction costs were not "physical preparation and duplication of documents").

Plaintiff disputes the following charges, totaling $6,380.37, as follows:

- Regarding Invoice # PA321020 (Dkt. # 176 at 10), the Court awarded $2,947.50 (50% of the costs sought), reasoning that "costs related to load file generation are not recoverable but the costs of processing the subset of culled documents are recoverable." (Dkt. # 192, 14:1-2).

- Regarding Invoice # PA231081 (Dkt. # 176 at 13), the Court awarded $1,875.00 (100% of the costs sought), reasoning that "[t]his cost appears to relate to efforts to make documents useable for production and is compensable." (Dkt. # 192, 14:8-9).

- Regarding Invoice # PA321127 (Dkt. # 176 at 15), the Court awarded $593.75 (50% of the costs sought), reasoning that "costs related to load file generation are not recoverable but the costs of processing the subset of culled documents are recoverable." (Dkt. # 192, 14:22-24).

- Regarding Invoice # PA321171 (Dkt. # 176 at 18), the Court awarded $230.03 (50% of the costs sought), reasoning that "costs related to load file generation are not recoverable but cost of processing the subset of culled documents is recoverable." (Dkt. # 192, 15:2-3).

- Regarding Invoice # PA321177 (Dkt. # 176 at 19), the Court awarded $155.27 (50% of the costs sought), reasoning that "costs related to load file generation are not recoverable but cost of processing the subset of culled documents is recoverable." (Dkt. # 192, 15:15-16).

- Regarding Invoice # PA321266 (Dkt. # 176 at 21), the Court awarded $136.98 as recoverable costs. (Dkt. # 192, 15:23).

- Regarding Invoice # PA321290 (Dkt. # 176 at 2), the Court awarded $85.59 as recoverable costs. (Dkt. # 192, 16:1-2).

- Also regarding Invoice # PA321290 (Dkt. # 176 at 2), the Court awarded $356.25 as recoverable costs. (Dkt. # 192, 16:6).

The District Court in this action noted that there was not a "'breakdown sufficient for the Court to make a reasonable allocation between file and metadata extraction and conversion costs necessary to produce documents reasonably usable to Plaintiff as opposed to those costs incurred for Defendant's convenience to filter, search and review its own files prior to production.'" (Dkt. # 192, 12:8-12) (quoting Dkt. # 182 at 5-6). The record below does not indicate that either the Court or Plaintiff specified a particular file format. Indeed, there was no agreement, rule, or

order that required conversion to any particular file format.[1]  Therefore, Defendant has failed to meet its statutory burden to establish the reasonableness of these costs.

### C.      THERE IS A TYPOGRAPHICAL ERROR AS TO "PRINTING FEES."

The Court's total recommended cost award of $27,492.91 is incorrect based on an apparent typographical error in the "Printing Fees" section, wherein the Court recommended $4,479.59 in costs (Dkt. # 192, 5:20-6:5), rather than $479.59. (Dkt. # 150; 158, 7:11-28; 161). Accordingly, the Court should reduce the cost award by $4,000.00.

### D.      THE RECOMMENDED COST AWARD WOULD CHILL FUTURE CIVIL RIGHTS LITIGANTS WITH SIMILARLY LIMITED FINANCIAL RESOURCES.

Courts may consider a variety of factors in deciding whether to award costs, including whether the losing party has limited financial resources and whether an award of costs would "chill" future civil rights litigation. *Stanley v. University of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999) ("the district court abused its discretion [when it denied a motion to re-tax costs], particularly based on the district court's failure to consider two factors: [the losing party's] indigency, and the chilling effect of imposing such high costs on future civil rights litigants.").

---

1   "In many cases, **an agreement, rule, court order, or other requirement regarding the format of the copies to be produced may necessitate the taking of several steps that are all part of 'making copies,' reasonably understood.** If documents must be converted to a uniform production format (for instance, TIFF), a party often must make a first copy of a document, perform the required format conversion, and then copy the converted files to production media. Similarly, a party may be under an obligation to produce documents with pre-collection metadata intact. In such a situation, because the mere act of copying a file may destroy certain types of metadata, see, e.g., Sedona Conference Glossary at 3 (definition of 'Application Metadata,' noting that "copying may alter application metadata'), it is often necessary — in  order to produce a single production copy of the document's visible content and of the metadata (where both are requested) — to create an image of the original source first and then to apply special techniques to extract documents while preserving all associated metadata." *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1328 (Fed. Cir. 2013) (emphasis added).

PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS
(Case No.: 4:12-cv-06574-SBA)

As noted, Bonillas has limited ability to earn more money and faces financial difficulty in paying the costs in this case. (Dkt. # 159-1).  *See Gonzales v. Texaco, Inc.*, 2008 U.S. Dist. LEXIS 119927 (N.D. Cal. Apr. 3, 2008).  The Court reasoned that "[h]is declaration thus indicates a salary well above the poverty level, and he does not provide any additional evidence regarding his finances or ability to pay or show that he would be rendered indigent by a cost award." (Dkt. # 192, 9-11).  However, the financial security of even an ostensibly middle-class working adult earning approximately half of Defendant's requested fee award (*see* Dkt. # 159-1, ¶ 4) would be endangered by a cost award totaling $27,492.91 (or $23,492.91).  In turn, such a cost award would subsequently deter only but the wealthiest of employment discrimination plaintiffs.  "Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since [*Brown v. Board of Education*]."  *Stanley*, 178 F.3d at 1080.  Accordingly, Plaintiff respectfully requests that this Court reduce the costs award based on his financial condition and the effect on similarly situated civil rights litigants.

## III.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court reduce the recommended cost award by $10,380.37, from $27,492.91 to $17,110.54.

Respectfully submitted, this 4th day of March, 2015.

SMITH PATTEN

 */s/  Dow W. Patten*
SPENCER F. SMITH
DOW W. PATTEN
Attorneys for Plaintiff
RAUL BONILLAS

PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS
(Case No.: 4:12-cv-06574-SBA)