SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
RAUL BONILLAS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL BONILLAS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED AIR LINES INC.,<br><br>　　　　Defendant. | Case No.: 4:12-cv-06574-SBA<br><br>**PLAINTIFF RAUL BONILLAS'S OPPOSITION TO DEFENDANT'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**<br><br>**Date**: April 14, 2015<br>**Time**: 1:00 PM<br>**Court**: 1<br>**Judge**: Hon. Sandra B. Armstrong |

Plaintiff Raul Bonillas ("Plaintiff" or "Bonillas"), by and through his counsel of record, submits his Opposition to Defendant United Air Lines, Inc.'s ("Defendant") Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge (Dkt. # 193) concerning the Report and Recommendation Regarding Defendant's Motion for Attorneys' Fees. (Dkt. # 191) (the "Motion").

I.　　INTRODUCTION

The Honorable Elizabeth D. Laporte presided over a number of discovery disputes in this matter and became familiar with the conduct of discovery and the issues in this case. The report and Recommendation ("R&R") concerning the conduct of counsel are based on Judge Laporte's first-hand perception and should not be disturbed absent some specific error or oversight. The Court should adopt the Report and Recommendation ("R&R") because the Motion does not

identify any material oversight or error in the R&R. Further, the Motion fails to comply with the Local Rules, and attempts to shift the focus away from the relevant facts correctly identified in the R&R. Accordingly, this Court should deny Defendant's objections and adopt the R&R.

## II.     LAW & ARGUMENT

### A.     RELEVANT STANDARD OF REVIEW

"A judge of the court shall make a de novo determination of those *portions* of the [R&R] to which objection is made."  28 U.S.C. § 636(b)(1)(C) (emphasis added); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

### B.     THE MOTION DOES NOT COMPLY WITH THE LOCAL RULES.

At six pages, Defendant's present Motion is not compliant with this Court's Civil Local Rules, which provide that it "may not exceed 5 pages."  Civil L.R. 72-2, 72-3(a).  Accordingly, this Court should disregard the Motion's last page entirely.  See *Samaniego-Lugo v. Ryan*, 2013 U.S. Dist. LEXIS 60042, *1 (D. Ariz. Apr. 25, 2013) (adopting the report and recommendation while noting that petitioner's objections exceeded the page limit permitted by the Local Rules).

### C.     THE COURT PROPERLY DENIED ATTORNEY FEES BASED ON PLAINTIFF'S UNSUCCESSFUL DISABILITY CLAIMS.

Defendant seeks review of the post-deposition denial of attorney fees, objecting that Defendant did not "solely" rely on the fact that it prevailed at summary judgment.  (Dkt. # 193, 5:8).  This mischaracterizes the Magistrate Judge's reasoning, as the R&R specifically addressed the post-deposition litigation conduct of Plaintiff's counsel.  (Dkt. # 191, 7:24-27) ("To award fees under the Court's inherent power, this Court must find that Plaintiff's counsel acted in bad faith, which requires something more than mere recklessness, and has not been shown. Absent bad faith, post-deposition sanctions can still be awarded under Section 1927 only for reckless or frivolous attorney behavior.").  The Magistrate Judge properly did not find sufficient conduct.

2
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE
(Case No.: 4:12-cv-06574-SBA)

Defendant next contends that the R&R failed to identify the "circumstantial evidence" that might have supported Plaintiff's discrimination claim. (Dkt. # 193, 5:26-27; *see* Dkt. # 191, 8:2-5). This contention is misleading because it attempts to shift the analytical focus to the alleged lack of evidence, rather than the litigation conduct of Plaintiff's counsel. Nonetheless, the R&R already cited to case law from this District in which an attorney was sanctioned under § 1927 for misstating law and known facts, ignoring court orders, and prosecuting claims that lacked any support. (Dkt. # 191, 7:27-8:2) (citing *Cotterill v. City and County of San Francisco*, 2010 WL 1223146 (N.D. Cal. March 10, 2010). The Magistrate Judge found that Plaintiff's counsel had not engaged in conduct of a similar gravamen, based on her experience with the case. (Dkt. # 191, 8:3-5).

Defendant also unavailingly cites to the number of pages in Plaintiff's summary judgment opposition concerning his disability claims, Plaintiff's "cat's paw" contention[1], and the evidentiary findings regarding Plaintiff's Supervisor, Mr. Holder. (Dkt. # 193, 5:28-6:14). Summary judgment is over. (Dkt. # 145-46). In any case, the R&R confirms that "shifting the substantial post-deposition fees incurred to Plaintiff or his counsel" would unduly chill civil rights litigation. (Dkt. # 191, 3:7). This is particularly true in employment discrimination cases such as this, where "it can be difficult for plaintiffs to prove discriminatory intent when managers deny such intent and the plaintiff is not privy to oral communication between them, so it was not necessarily unduly reckless for Plaintiff to believe that he might ultimately be able to prove his claims." (*Id*. at 3:12-16). Ultimately, the Magistrate Judge's reasoning was correct given Ninth Circuit authority that "an award should not subject the plaintiff to financial ruin." (*Id*. at 11:15-16) (citing *Miller v. L.A. County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir.1987)). Accordingly, this Court should adopt the R&R.

---

1 The assertion of the "cat's paw" theory was not a basis for denying attorney fees in the R&R. (*See* Dkt. # 191, 9:3-9).

### D. ANY ALLEGED RELIANCE UPON OTHER AWARDS IS AN ALTERNATIVE BASIS FOR DENYING ATTORNEY FEES.

Defendant objects that previous awards of costs and/or sanctions in this matter are immaterial to the consideration of its entitlement to attorney fees. (Dkt. # 193, 2:25-26). These monetary awards were, at most, an alternative basis for denying attorney fees. (*See* Dkt. # 191, 3:17-18) ("In *addition* to the general concern about the potential of large fee awards to chill meritorious discrimination suits, here the Court *also* takes into account the fact that monetary sanctions of $9,827.10 have already been recommended against Plaintiff's attorneys in this matter.") (emphasis added). Defendant cites no authority, controlling or otherwise, which counters the Magistrate Judge's reasoning.

Assuming *arguendo* that Defendant's contention is correct, it does not supplant the R&R's primary conclusion that "maintaining the claims through summary judgment was not sufficiently reckless or frivolous to warrant shifting the substantial post-deposition fees incurred to Plaintiff or his counsel in light of the strong public policy in favor of vigorous enforcement of employment discrimination and civil rights statutes." (Dkt. # 191, 3:6-9) (citing *Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412, 422 (1978)). Indeed, this Court may adopt the R&R even without addressing every basis proffered by the Magistrate Judge. See *United States v. Turvin*, 442 F. Supp. 2d 796, 798 (D. Alaska 2006) (finding it "unnecessary […] to reach the alternative conclusion recommended by the magistrate judge"). Therefore, the Court should deny Defendant's objection and adopt the R&R.

### E. THE COURT'S ALLEGED MISSTATEMENTS OF FACTS AND/OR EVIDENCE WERE IMMATERIAL TO THE DENIAL OF ATTORNEYS' FEES.

#### 1. *The Alleged Misstatement about Plaintiff's "Effective Demotion" was Inconsequential.*

Defendant requests modification of the R&R based on the alleged misstatement that Plaintiff was "effectively demoted" from his former position "as a result of an [sic] reduction in

force known as the Talent and Selection ('TAS') process." (Dkt. # 191, 1:16-18; *see* Dkt. # 193, 1:24-2:20). Yet Defendant fails to articulate exactly how this single sentence in the "Introduction" section affected the disposition of the R&R, which solely considered "whether Plaintiff and/or his counsel had a reasonable basis for pursuing his disability discrimination claims or whether they pursued the claim frivolously, recklessly or in bad faith." (Dkt. # 191, 4:1-3). Summary judgment has already been decided (Dkt. # 145-46) and appealed. (Dkt. # 147). Defendant's objection is tangential and irrelevant, and should be denied accordingly.

### 2. *The Footnote Reference to Plaintiff's "Emotional Issue" Is Immaterial.*

Defendant also seeks modification of a footnote in the R&R which states "there is evidence that Sklanka knew that Plaintiff had some emotional issue at his workplace." (Dkt. # 191, 5:28). Any difference between feeling "rattled" and having "emotional issue" is pure semantics and irrelevant since the Court rejected Plaintiff's contentions as not supported by the deposition testimony cited.[2] (*See* Dkt. # 5:1-3, 26-27). With only conclusory arguments, Defendant should not be permitted to re-litigate a summary judgment motion on which it prevailed. (*See* Dkt. # 145). Hence, this Court should deny this objection and adopt the R&R.

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court fully adopt the R&R Regarding Defendant's Motion for Attorneys' Fees.

Respectfully submitted, this 9th day of April, 2015        SMITH PATTEN

                                           /s/ Dow W. Patten
                                           SPENCER F. SMITH
                                           DOW W. PATTEN
                                           Attorneys for Plaintiff
                                           RAUL BONILLAS

---

2 The R&R's finding that Plaintiff told "Holder about his PTSD, but not anyone else" (Dkt. # 191, 5:26) is arguably incorrect, given that Defendant's counsel specifically questioned Plaintiff about which "managers or supervisors [he] had any discussions with about PTSD from 2008 to the present?" (Dkt. # 159-3, p. 4, 129:25-130:2; *see also id*. at p. 6, 132:1-5).