Tracy Thompson (SBN 88173)
 tt@millerlawgroup.com
M. Michael Cole (SBN 235538)
 mmc@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL BONILLAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIR LINES, INC. and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 4:12-cv-06574-SBA<br><br>**REPLY IN SUPPORT OF MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**<br><br>[Local Civil Rule 72-3]<br><br><br>Complaint filed: December 31, 2012 |

## I. INTRODUCTION

As set forth by Defendant in its Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge, the February 18, 2015 Report and Recommendation Regarding Defendant's Motion for Attorneys' Fees is objectionable for two key reasons. First, the Magistrate Judge's reasons for denying Defendant its fees cannot withstand scrutiny. Second, the Magistrate Judge's report and recommendation contains findings that misstate the record.

In response to these objections and Defendant's motion, Plaintiff contends that Defendant has mischaracterized the Magistrate Judge's reasoning for recommending that Defendant be denied its fees and that Defendant's objections improperly shift the Court's focus from counsel's litigation conduct to the strength of Plaintiff's claims. Plaintiff also contends that to the extent the Magistrate Judge's report and recommendation contains misstatements of the factual record, such misstatements were not material to her ultimate recommendation to deny Defendant its fees. Finally, Plaintiff contends that Defendant's motion did not comply with local rules because it exceeded 5 pages.

As set forth below, it is Plaintiff, not Defendant, who mischaracterizes the Magistrate Judge's reasoning. Nor has Defendant improperly shifted the focus from counsel's litigation conduct. With respect to the misstatements of the factual record, this Court has the authority to modify such misstatements, even if the Court decides to adopt the Magistrate Judge's recommendation to deny Defendant its fees. Finally, Defendant's motion fully complied with local rules.

## II. ARGUMENT

### A. Defendant's Motion Complied with Local Rules

Citing Local Civil Rule 72-2, Plaintiff contends that Defendant's Motion for De Novo Determination improperly exceeded 5 pages. That rule, however, applies only to objections made to an order referred to a Magistrate Judge pursuant to F.R.C.P. 72(a) and 28 U.S.C. § 636(b)(1)(A), i.e., nondispositive pretrial orders. Such objections must be made as a "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge" and may not exceed 5 pages, excluding declarations and exhibits. See Local Civil Rule 72-2.

In this case, the District Court referred Defendant's Motion for Attorneys' Fees to the Magistrate Judge as a dispositive motion pursuant to F.R.C.P. 72(b) and 28 U.S.C. § 636(b)(2)(B). See Docket No. 151. Objections to reports and recommendations on such motions are governed by Local Civil Rule 72-3, which simply provides that such objections must be made as a "Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge" in conformance with Local Civil Rule 7-2. Local Civil Rule 7-2, in turn, states that motions must not exceed 25 pages in length. At six-pages long, Defendant's Motion is clearly within the page limits set by local rules.

### B. The Magistrate Judge Erred in Denying Defendant's Post-Deposition Fees

Plaintiff contends that Defendant has mischaracterized the Magistrate Judge's reasoning for recommending that Defendant be denied its fees. In support, Plaintiff cites to that portion of the Magistrate Judge's report and recommendation regarding the circumstances under which the court may award fees, either pursuant to its inherent power or Section 1927. See Plf. Opp. at 2:22-28. But this portion of the Magistrate Judge's report was

merely a recitation of black letter law, not the <u>reasoning</u> for why she recommended denying Defendant its fees. As Defendant set forth in its moving papers, the <u>reasons</u> the Magistrate Judge recommended denying Defendant its fees were: (1) Defendant had been awarded fees as a discovery sanction and had also been awarded its statutory costs; (2) the fact that Defendant prevailed on summary judgment was, standing alone, not a basis for awarding fees; and (3) there was some circumstantial evidence that might have supported Plaintiff's claims. For the reasons articulated in Defendant's moving papers, however, none of the reasons withstands scrutiny.

Plaintiff next claims Defendant has improperly shifted the focus of the inquiry by asking the Court to examine the lack of evidence supporting Plaintiff's claims, rather than Plaintiff's counsel's litigation conduct. To the contrary, Defendant relied on the entire course of conduct during and after Plaintiff's deposition to establish that Plaintiff's counsel was, at the very least, reckless in pursuing Plaintiff's disability discrimination claim following his deposition. *See* Dkt. No. 149 at 5:3-6:12 (and evidence cited therein) (Defendant's Notice of Motion and Motion for Attorneys' Fees) and Dkt. No. 193 at 5:8-24 (Defendant's Motion for De Novo Determination).

As noted, however, the Magistrate Judge reasoned that Plaintiff's counsel's conduct did not rise to the level of malfeasance where there was "some (albeit very limited and highly attenuated) circumstantial evidence that might have supported Plaintiff's claims." Dkt. No. 191 at 8:2-5. Defendant objected to this particular reason on the grounds that the report and recommendation does not state what this "circumstantial evidence" was. Indeed, the only possible evidence was a "cat's paw" theory, which the Magistrate Judge herself noted had no evidentiary support. Dkt. No. 191 at 9:18-22; *see also* Dkt. No. 160 at 5:13-6:5 (and evidence cited therein) (Defendant's Reply In Support of its Motion for Attorneys' Fees). Other than a cat's paw theory, the Magistrate Judge's report and recommendation cites to no

other circumstantial evidence. In so objecting, Defendant is not improperly shifting the focus, but is merely taking issue with the Magistrate Judge's reasons for denying its fees.

Finally, Plaintiff contends that the Magistrate Judge's reliance on the prior awards of sanctions and statutory costs was merely an alternative basis on which to deny Defendant its fees. Not so. As the Magistrate Judge made clear, she took the discovery sanctions and costs awards into account <u>in addition to the other reasons</u> in recommending Defendants' motion be denied. Dkt. No. 191 at 3:17-21. But as noted by Defendant in its objections, these underlying awards are separate from, and have no bearing on, whether Defendant is entitled to its attorneys' fees. Indeed, the Magistrate Judge cited no authority, nor is Defendant aware of any, supporting her recommendation to deny Defendant its fees on the basis that other costs and sanctions were awarded.[1]

### C. Other Aspects of the Magistrate Judge's Report and Recommendation Warrant Modification

As explained by Defendant in its moving papers, the Magistrate Judge's Report and Recommendation contains two findings that are misstatements of the underlying factual record. First, the Magistrate Judge stated that "in October 2011, Plaintiff was effectively demoted from his Supervisor – Components Maintenance position to a mechanic position as a result of an [sic] reduction in force known as the Talent Selection ("TAS") process. Dkt. No. 191 at 1:16-18. Second, the Magistrate Judge stated that there was some evidence that Kevan Sklanka "knew that Plaintiff had some emotional issue at the workplace." Dkt. No. 191 at 5, fn. 3.

Defendant has already set forth in its moving papers the reasons why these

---

[1] In fact, the award of statutory costs to Defendant is not final as Plaintiff has filed objections to the Magistrate Judge's Report and Recommendation on the award of costs.

findings are misstatements of the underlying factual record. Indeed, Plaintiff does not dispute this. Instead, Plaintiff contends that such misstatements are not a reason for sustaining Defendant's objections because they were not material to the Magistrate Judge's decision to deny Defendant its fees. Whether or not such mistatements were material, however, this Court has the power to "accept, reject, or modify, in whole or in part, <u>the findings</u> or recommendations made by the magistrate judge." *See J & J Sports Auth., Inc. v. Napuri*, No. C 10-4171 SBA, 2013 WL 1739520, at *2 (N.D. Cal. Apr. 22, 2013) (emphasis added). Thus, it is entirely appropriate for Defendant to object to the Magistrate Judge's discreet findings to the extent they misstate the record. Whether or not the Court sustains Defendant's objection to the Magistrate Judge's ultimate recommendation to deny it its fees, this Court at the very least should modify those portions of the report identified by Defendant as misstating the underlying facts.

### III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in its moving papers, Defendant respectfully requests that the Court reject that portion of the Magistrate Judge's report and recommendation which recommended denying Defendant its fees incurred in litigating Plaintiff's disability claims following his deposition. In addition, regardless of whether the Court rejects the Magistrate Judge's recommendation to deny Defendant its fees, Defendant requests that the Court modify those portions of the Magistrate Judge's report and recommendation that contain findings that misstate the underlying factual record.

Dated: April 14, 2015	MILLER LAW GROUP
	A Professional Corporation

	By: /s/ Tracy Thompson
	Tracy Thompson
	Attorneys for Defendant

4834-1884-2403, v. 1