UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RAUL BONILLAS, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED AIR LINES, INC., and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No: C 12-6574 SBA<br><br>**ORDER SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION TO TAX COSTS**<br><br>Dkt. 164, 192 |

The parties are presently before the Court on Plaintiff's Objections to Magistrate Judge Laporte's Report and Recommendation Re Motion to Tax Costs. Dkt. 192. Having read and considered the papers filed in connection with this matter, and being fully informed, the Objections are SUSTAINED IN PART and OVERRULED IN PART.

I. **BACKGROUND**

Plaintiff Raul Bonillas brought the instant action against his employer, Defendant United Air Lines, Inc., alleging claims for retaliation, and for discrimination on account of his race, national origin and disability, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA") and the California Fair Employment and Housing Act ("FEHA").

On August 19, 2014, the Court granted Defendant's motion for summary judgment. Dkt. 145. Defendant thereafter submitted a Bill of Costs in the amount of $63,302.19, which the Clerk reduced to $50,617.61. Plaintiff, in turn, filed a Motion for Review of Clerk's Taxation of Costs, which the Court referred to Magistrate Judge Elizabeth D. Laporte ("the Magistrate") for a report and recommendation. Dkt. 164, 166. On February

18, 2015, the Magistrate issued her amended Report and Recommendation, which recommended that the motion be granted in part and denied in part, and that the Court award only $27,492.91 in costs.  Dkt. 192.

On March 4, 2015, Plaintiff timely filed objections to the Magistrate's amended Report and Recommendation.  First, Plaintiff challenges the Magistrate's recommendation to award $6,380.37 in costs for the production of electronically-stored information ("ESI"). Second, Plaintiff argues that the Magistrate made a typographical error in awarding $4,479.59 in costs for printing fees, instead of $479.59, as originally taxed by the Clerk. Defendant agrees that the Magistrate's recommendation regarding printing fees is erroneous, but otherwise claims that the proposed award of costs for ESI is proper.[1]

## II.   LEGAL STANDARD

### A.   REVIEW OF MAGISTRATE JUDGE RECOMMENDATIONS

A motion to tax costs may be referred to a magistrate judge for findings and recommendations.  See 28 U.S.C. § 636(b)(2).  Once findings and recommendations are served, the parties have fourteen days to file specific written objections thereto.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  The district court must make a de novo determination of those portions of the magistrate judge's report to which a party has interposed an objection.  See Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009).

### B.   MOTION TO TAX COSTS

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs."  Ass'n of Mexican-

---

[1] Instead of raising the typographical error by way of the instant Objections, the parties should have met and conferred and submitted a stipulation and proposed order to the Magistrate to modify her Report and Recommendation accordingly.

1   Am. Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). "This discretion,
2   however, is not without limits." Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247
3   (9th Cir. 2014). "Appropriate reasons for denying costs include: (1) the substantial public
4   importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the
5   chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and
6   (5) the economic disparity between the parties." Id. at 1247-48. If the court declines to
7   award costs that are ordinarily taxable, it must specify its reasons for doing so. Ass'n of
8   Mexican-Am. Educators, 231 F.3d at 591.

## III. DISCUSSION

The focus of Plaintiff's objections concerns the Magistrate's recommendation to award costs associated with the production of e-discovery or ESI. E-discovery expenses are generally analogized to exemplification and copying costs. Emblaze Ltd. v. Apple Inc., No. 5:11-cv-010790-PSG, 2015 WL 1304779, *1 (N.D. Cal. Mar. 20, 2015) ("electronic discovery and production costs are recoverable only to the extent analogous to an exchange of hardcopy information.") (citing 28 U.S.C. § 1920(4)). Courts have thus found e-discovery costs reasonable and recoverable, provided that they were "not accrued merely for the convenience of counsel." Tibble v. Edison Int'l, No. CV 07-5359 SVW AGRX, 2011 WL 3759927, *7 (C.D. Cal. Aug. 22, 2011), aff'd, No. 11-56628, 2013 WL 1150788 (9th Cir. Mar. 21, 2013); e.g., Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 167 (3d Cir. 2012) (holding that the cost of "the conversion of native files to TIFF (the agreed-upon default format for production of ESI)" was recoverable).

At the hearing on Plaintiff's motion to tax costs, the Magistrate directed the parties' attention to recent authority pertaining to the recovery of e-discovery costs, Dkt. 192 at 9, and ordered Defendant and Plaintiff to submit a supplemental declaration and a response thereto, respectively. Dkt. 173. After reviewing supplemental submissions, the Magistrate recommended awarding $6,380.37 in costs for e-discovery-related services. Dkt. 192 at 13-16. Plaintiff now argues that no amount of e-discovery costs should be awarded on the following grounds: (1) Defendant did not meet and confer with Plaintiff regarding the

scope and format of the document production and anticipated cost of ESI; (2) Defendant failed to meet its burden of establishing that the ESI related costs awarded are recoverable; and (3) Plaintiff has limited financial resources and an award of costs would chill future litigation. The Court discusses each contention, in turn.

### 1. Meet and Confer

Plaintiff argues "that Defendant never met and conferred with Plaintiff specifically regarding ESI cost." Dkt. 194 at 3. He also faults Defendant for not seeking a protective order "to avoid cost [sic] relating to ESI discovery." The Magistrate rejected these contentions. Upon reviewing the record, she found that the parties met and conferred extensively regarding Plaintiff's request for e-discovery, and, that given the volume of those requests, it was reasonable for Defendant to utilize a third party ESI vendor to facilitate the document production. Dkt. 192 at 6. The Magistrate also noted that Defendant expressed concern to Plaintiff regarding the broad scope of the discovery being sought in relation to the marginal relevance of such information, along with the likely burden and expense associated with producing the requested discovery. Id. at 6-7.[2] The Magistrate concluded that: "While principles of cooperation, transparency and proportionality are extremely important to efficiently conduct litigation involving ESI, there is no legal or factual basis on which to disallow all of Defendant's e-discovery costs because Defendant did not disclose the precise amount of costs being incurred to produce the documents demanded by Plaintiff." Id. at 7.

The Court concurs with the Magistrate that Plaintiff has failed to articulate any factual or legal basis for precluding Defendant from recovering of its ESI costs. The record shows that on numerous occasions the parties discussed Defendant's response to Plaintiff's requests for ESI. Although the parties did not specifically discuss the matter of cost,

---

[2] In its July 23, 2013, letter to Plaintiff, Defendant stated that "[it] has serious concerns regarding the proportionality of the ESI searches that Plaintiff seems to assume are necessary, given the nature of this case – specifically about the breadth and scope of Plaintiff's document requests, the lack of relevance of this information to the claims, and the likely burden and expense to Defendant of discovery relating to such ESI." Thompson Decl. Ex. D, Dkt. 168-2 at 99-100.

1  Defendant clearly expressed its concern regarding the questionable breadth and probative
2  value of the e-discovery requested by Plaintiff and the concomitant burden and cost
3  associated with producing such discovery. See Thomson Decl. ¶¶ 18-23 & Exs. A-F, Dkt.
4  168-1, 168-2. Although Plaintiff faults Defendant for not specifically disclosing the
5  anticipated cost of producing the requested e-discovery, nothing prevented Plaintiff from
6  raising the issue himself. Indeed, it would have been prudent for Plaintiff to have made
7  such an inquiry given Defendant's admonition to him regarding the burden and expense
8  associated with responding to his ESI requests.

9       Plaintiff tacitly acknowledges that the parties discussed Defendant's production of
10 ESI in response to his document requests, but asserts that Defendant's "generalized
11 concerns about the parameters of ESI production" failed to comport with the Checklist for
12 Rule 26(f) Meet and Confer Regarding Electronically Stored Information ("Checklist").
13 Dkt. 194 at 3. Though not entirely clear, Plaintiff appears to suggest that Defendant's
14 alleged noncompliance with the Checklist forecloses its right to recover costs associated
15 with ESI. Not so. The Checklist is part of the Court's E-Discovery (ESI) Guidelines, the
16 purpose of which "is to encourage reasonable electronic discovery with the goal of limiting
17 the cost, burden and time spent, while ensuring that information subject to discovery is
18 preserved and produced to allow for fair adjudication of the merits." Guideline 1.01.
19 Use of the Checklist, while "highly recommended," remains "voluntary."
20 http://www.cand.uscourts.gov/eDiscoveryGuidelines, last checked Apr. 6, 2015.
21 Moreover, while the Checklist encourages parties to engage in a dialogue to control the cost
22 of ESI, it does not impose any obligation on a party to provide the opposing party with an
23 estimated cost of complying with a document request.[3] Accordingly, Defendant's alleged
24 non-compliance with the Checklist is inapposite to the issue of whether Defendant is
25 entitled to recover is ESI costs.

---

[3] Plaintiff's reliance on Zubulake v. UBS Warburg, 217 F.R.D. 309, 324 (S.D.N.Y. 2003) is misplaced. That case addressed the obligations of a party to preserve and produce ESI, as well as the scope of any such discovery and related cost-shifting, under Rule 34. Zubulake did not address the issue of cost-shifting under Rule 54 to a prevailing party.

### 2.     Recoverable Costs

In her Report and Recommendation, the Magistrate individually reviewed each of the eight invoices submitted in support of Defendant's request to recover its ESI costs, recommending full or partial payment on some, and disallowing others. In the instant objections, Plaintiff takes issue with these recommendations, but does not ascribe any particular error to the Magistrate's analysis and findings with respect to each invoice. Rather, he seems to suggest that no costs should be awarded because there was no agreement between the parties or a Court order regarding the type of file format for the data conversion. Plaintiff cites no authority requiring such an agreement as a prerequisite to the recovery of costs under Rule 54. Nevertheless, the Magistrate declined to award costs to Defendant where it was apparent that the cost of converting the data files into a particular format was for its own convenience. Dkt. 192 at 12-16. Thus, having reviewed the matter de novo, the Court finds no error in the Magistrate's recommendation to award costs for ESI services to Defendant.

### 3.     Financial Ability to Pay

Finally, Plaintiff contends that awarding costs to Defendant will pose a financial hardship on him and will chill future civil rights litigation. Though he does not specifically address the issue of costs in his supporting declaration, Plaintiff asserts the following: "I do not have the economic means to pay any award of attorney's fees in this matter. The amount claimed by United Airlines [a maximum of $165,000] is more than twice my yearly salary." Bonillas Decl. ¶ 4, Dkt. 159-1. After expressly considering Plaintiff's ability to pay and the potential chilling effect of a cost award, the Magistrate concluded that Plaintiff "has not presented sufficient evidence of his inability to pay without becoming indigent so as to absolve him of all statutorily-mandated costs." Dkt. 192 at 3.

The Court has independently reviewed the record and finds no error regarding the Magistrate's conclusions. Although the Magistrate specifically pointed out Plaintiff's failure to substantiate his claimed financial hardship with more specific evidence, he has not supplemented the record with any additional evidence regarding his financial situation.

In addition, Plaintiff provides no basis for distinguishing this case from an "ordinary" case for which costs are typically properly awarded. See Ass'n of Mexican-Am. Educators, 231 F.3d at 593 ("Federal Rule of Civil Procedure 54(d)(1) establishes that costs are to be awarded as a matter of course in the ordinary case").

In sum, the Court finds no merits to Plaintiff's objections to the Magistrate's recommendation to award Defendant costs for ESI.  Plaintiff's objections to such costs are therefore OVERRULED.

## B. PRINTING FEES

Plaintiff contends that the Magistrate made a typographical error in awarding $4,479.59 in costs for printing fees, and that the sum should actually be $479.59, as originally taxed by the Clerk.  Defendant agrees with Plaintiff's contention.  Dkt. 196 at 1 n.1.  The costs for printing shall be reduced to $479.59.  Accordingly, Plaintiff's objection to the Magistrate's recommendation regarding the award of printing fees is SUSTAINED.

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Objections to Magistrate Judge Laporte's Report and Recommendation Re Motion to Tax Costs are SUSTAINED IN PART and OVERRULED IN PART, as set forth above.

2. Plaintiff's Motion for Review of Clerk's Taxation of Costs is GRANTED IN PART and DENIED IN PART.

3. The Court ADOPTS the Magistrate's Report and Recommendation, which shall be come the Order of the Court, except that the taxable amount for printing costs shall be reduced to $479.59.  Defendant is awarded costs in the amount of $23,492.91.

4. This Order terminates Docket Nos. 164 and 192.

IT IS SO ORDERED.

Dated:  4/14/15

SAUNDRA BROWN ARMSTRONG
United States District Judge

- 7 -